Affirmed and Opinion filed December 21, 2004









Affirmed
and Opinion filed December 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00713-CR

_______________

 

MICHAEL CLEON ROSS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 42,227

_______________________________________________________

 

O P I N I O N

Appellant, Michael Cleon Ross, appeals a conviction for
murder.  In four issues, he contends the
trial court erred by (1) allowing the State to ask an improper commitment
question during voir dire, (2) admitting hearsay testimony, (3) allowing
witnesses to refer to him by a derogatory nickname, and (4) admitting two
videotaped interviews.  We affirm.

Background








According to the State=s evidence, appellant shot and killed
Randy Robertson while Robertson was in his car attempting to buy drugs. Timothy
Higgins testified he was passed out in appellant=s van the night of the offense after
drinking alcohol, taking codeine, and smoking marijuana.  He testified appellant woke him up and told
him he had shot someone who tried to Ajack@ him. 
Higgins further testified appellant then drove down a back road, wiped
off a gun, and threw it off a bridge.  A
jury found appellant guilty of murder and sentenced him to forty years= confinement.

Commitment
Question

In his first issue, appellant claims the trial court erred by
allowing the State to ask an improper commitment question during voir
dire.  However, we find appellant failed to
preserve this complaint for our review.  See
Tex. R. App. P. 33.1(a).  To preserve error regarding improper voir dire
questions, a party must make a timely, specific objection at the earliest
possible opportunity.  Turner v. State,
805 S.W.2d 423, 431 (Tex. Crim. App. 1991). 
The State asked the jury panel members whether they would require more
evidence than one witness if they found the witness to be credible and believed
the State proved all the elements of the offense beyond a reasonable doubt
through that witness.  Appellant did not
object until after the State had directed the question to two panel members,
and one of those potential jurors had further dialogue with the State about the
question.  Accordingly, appellant did not
object at the earliest possible opportunity and waived the issue for our
review.  See Thrift v. State, 134
S.W.3d 475, 477 (Tex. App.CWaco 2004, no pet. granted) (holding error was not preserved
where matter was explored with jury panel before defendant objected).[1]  Appellant=s first issue is overruled. 








Admission of
Hearsay

In his second issue, appellant contends the trial court erred
by allowing witness Nicole Cabble to testify regarding a statement that Cleo
Anderson, appellant=s cousin, made to her. 
Anderson was living with Cabble at the time of the offense.  On the night of the shooting, appellant
picked up Anderson from their home in Houston. 
When Anderson returned home shortly after the shooting, he was excited,
nervous, and scared.  Anderson told
Cabble, AI can=t believe my cousin had shot
somebody.@ 
He made no other statements about what had occurred. 

Before Cabble testified, the trial court conducted a hearing
outside the presence of the jury to determine whether she could testify to the
out-of-court statement made by Anderson. 
After hearing arguments by both sides, the trial court determined
Anderson=s statement qualified as an excited
utterance and permitted Cabble to testify regarding the statement.

We review the trial court=s ruling on the admission of evidence
for an abuse of discretion.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  Our role is limited to determining whether
the record supports the trial court=s ruling.  Coffin v. State, 885 S.W.2d 140, 149
(Tex. Crim. App. 1994).  Therefore, we
must reverse only when Athe trial judge=s decision was so clearly wrong as to
lie outside that zone within which reasonable persons might disagree.@ 
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App.
2003) (quoting Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992)). 








An excited utterance, which is a Astatement
relating to a startling event or condition made while the declarant was under
the stress of excitement caused by the event or condition,@ is not
excluded by the hearsay rule.  Id.  To qualify as an excited utterance, the
following criteria must be met: (1) the statement is the product of a startling
event; (2) the declarant is dominated by the emotion, excitement, fear or pain
of the event; and (3) the statement relates to the circumstances of the
startling event.  See Jackson v. State,
110 S.W.3d 626, 633 (Tex. App.CHouston
[14th Dist.] 2003, pet.
ref=d) (citing McFarland v. State,
845 S.W.2d 824, 846 (Tex. Crim. App. 1992)).

Appellant contends that the trial court abused its discretion
by admitting Anderson=s statement because the State offered no evidence of the
circumstances surrounding Anderson=s statement, other than the statement
itself, to prove it was an excited utterance. 
Specifically, appellant contends that the State failed to show (1) that
Anderson experienced an exciting event or witnessed the shooting, (2) Anderson=s source of knowledge of the
shooting, (3) how much time elapsed, or what occurred, between the exciting
event and Anderson=s statement, and (4) whether the term Acousin@ used by Anderson actually referred
to appellant.[2]

Exciting Event

Appellant first contends Anderson=s statement did not qualify as an
excited utterance because the evidence did not establish that Anderson had
experienced an exciting event that produced his statement.  See id. (holding that statement must
be product of a startling event). 
Appellant directs us to Cabble=s trial testimony where she
acknowledged that when Anderson returned home, he did not specifically state
that he saw the shooting.  However, we
must review the trial court=s decision on the admission of evidence in light of what was
before the trial court at the time the ruling was made.  Dragoo v. State, 96 S.W.3d 308, 313
(Tex. Crim. App. 2003); Willover v. State, 70 S.W.3d 841, 845 (Tex.
Crim. App. 2002).  Because Cabble=s trial testimony was not in evidence
when the trial court ruled, we may not consider it.[3]








At the time of its ruling, the evidence before the trial
court regarding Anderson=s observation of the shooting showed that Anderson left with
appellant, and when Anderson returned shortly after the shooting, he stated, AI can=t believe my cousin had shot somebody.@ 
In general, the contents of the statement itself, along with the
declarant=s appearance, behavior, and
condition, may be relied upon to establish the occurrence of an exciting event,
and the declarant=s personal perception of it. 
See McLaughlin v. Vinzant, 522 F.2d 448, 451 (1st Cir. 1975).[4]
Anderson=s condition at the time of the
statement was described as excited, nervous and scared, and he appeared as if Ahe did not know what to do.@ 
Moreover, his statement directly related to an exciting event, the
shooting.  Thus, based on the evidence
and circumstances known at the time of its ruling, the trial court could have
reasonably concluded that the exciting event witnessed by Anderson was the
shooting itself.  Accordingly, to the
extent the trial court based its ruling on the fact that Anderson personally
perceived the shooting, we find no abuse of discretion.

We further note that the startling occurrence that triggers
the excited utterance need not necessarily be the crime itself.  See Salazar v. State, 38 S.W.3d 141,
154B55 (Tex. Crim. App. 2001) (holding
trial court could have found startling event or condition was declarant=s sustaining an injury or the
pain she later experienced); Couchman v. State, 3 S.W.3d 155, 159
(Tex. App.CFort Worth 1999, pet. ref=d). 
Assuming that Anderson learned of the shooting by a source, other than
first-hand knowledge, the trial court could have reasonably found that Anderson=s statement to Cabble Arelated to a startling event,@ that event being acquiring knowledge
that appellant killed someone, and that Anderson was still under the Aemotional stress of the excitement
caused by the event or condition.@ 
See Salazar, 38 S.W.3d at 154B55. 








Anderson=s Source of Knowledge

Appellant argues that Anderson=s source of knowledge of the shooting
is critical because Anderson may have been told about the shooting by someone
else; in such case, the third party=s out-of-court statement would
constitute hearsay, and therefore, must independently satisfy a hearsay
exception.  See Tex. R. Evid. 805.  We find that this contention is without
merit.  Hearsay is an out-of-court
statement offered to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  Although
Anderson may have learned of the shooting from a third party, the State did not
offer the third party=s statement into evidence.  The only out-of-court statement offered into
evidence was Anderson=s own statement. 
Therefore, the State was only required to show that Anderson=s statement falls within a hearsay
exception.

Passage of Time 

Appellant also contends that Anderson=s statement does not qualify as an
excited utterance because the State failed to show the amount of time that
elapsed between the shooting and Anderson=s purported statement.  Appellant further maintains that Anderson=s statement is not reliable because
the State was unable to show Anderson=s actions during the time between the
shooting and the statement, and therefore, Anderson may have had the
opportunity to reflect on, or fabricate, the details of the shooting. 








The excited utterance exception
to the hearsay rule is founded on the belief that a statement made as a result
of a startling event or condition is involuntary and does not allow the
declarant an adequate opportunity to fabricate, thereby ensuring the
trustworthiness of the statement.  Couchman,
3 S.W.3d at 159.  In other words, the
statement is trustworthy because it represents an event speaking through the
person rather than the person speaking about the event.  Zuliani, 97 S.W.3d at 595.  The lapse of time between the event and declaration, and
whether the statement is made in response to a question, are considerations in
determining whether the statement is admissible as an excited utterance, but
they are not dispositive.  Lawton v.
State, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995).  The critical factor is whether the emotions,
excitement, fear, or pain of the event still dominated the declarant at the time
of the statement.  Zuliani, 97
S.W.3d at 596.  If the statement is made
while the declarant is still in the grip of emotion, excitement, fear, or pain
and the statement relates to the exciting event, it is admissible even after an
appreciable amount of time has elapsed.  Penry
v. State, 691 S.W.2d 636, 647 (Tex. Crim. App. 1985); Jones v. State,
772 S.W.2d 551, 555 (Tex. App.CDallas 1988, writ ref=d).

As
appellant asserts, the State did not establish the exact amount of time that
elapsed between the shooting and Anderson=s statement to Cabble.  However, an approximate length of time was
established.  The evidence shows that the
shooting occurred on March 1, 2001 between 2:20 a.m. and 4:45 a.m.[5]  Anderson=s statement was made the same day
sometime after 1 a.m., but while it was still dark outside.  Thus, although the exact amount of time
between the shooting and the statement cannot be ascertained, it is clear that
the elapsed time between the shooting and the statement was likely no more than
a few hours.  We cannot say that this
amount of time disqualifies the statement from being an excited utterance.  See Zuliani, 97 S.W.3d at 596 (holding
statements qualified as excited utterances where declarant was scared and
tired, and her statements were in response to questions twenty hours after the
event); Short v. State, 658 S.W.2d 250, 255 (Tex. App.CHouston [1st Dist.] 1983), affirmed,
671 S.W.2d 888 (Tex. Crim. App. 1984) (holding four-and-one-half hours was not
too long a period of time between exciting event and a statement made by a
child still in extreme pain regarding the cause of his injury).








Further,
we find that the trial court could have reasonably concluded that Anderson had
not been able to reflect or fabricate and was still under the excitement and
stress of the shooting at the time of the statement.  Anderson=s statement was made only a few hours
after the shooting, an event likely to produce extreme excitement and shock so
as to ensure the statement=s spontaneity and reliability.  Because of the extreme nature of the
startling event, and the short passage of time, it is highly probable that
Anderson was still dominated by the emotion caused by the startling event.  See Lawton, 913 S.W.2d at 553B54 (holding eyewitness=s statement made an hour after the
crime properly admitted as excited utterance based on magnitude of crime and
officer=s testimony that witness was excited
and upset when making the statement); Cf. Aguilera v. State, 75
S.W.3d 60, 68 (Tex. App.CSan Antonio 2002, pet. ref=d.) (holding no excited utterance
because declarant had time to fabricate during one-year lapse); Gay v. State,
981 S.W.2d 864, 867 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d) (holding no excited utterance
because declarant most likely deliberated about the offense during 10-day
lapse).

Finally,
we note that the record supports a finding that Anderson was still dominated by
the emotions caused by the shooting.  See
Zuliani, 97 S.W.3d at 596 (holding that Acritical factor@ is whether the declarant was still
dominated by the emotions, excitement, fear or pain of the event).  Cabble testified that when Anderson arrived
home, he was exited, nervous, and scared and Adidn=t know what to do.@ 
Also, Anderson=s statement was not in response to a question but was
volunteered upon arriving home and encountering Cabble. 

Because
the record supports the trial court=s ruling, we find the trial court did
not abuse its discretion in admitting Anderson=s hearsay statement under the excited
utterance exception.  We overrule
appellant=s second issue.[6]








Use of
Nickname

In
his third issue, appellant claims the trial court abused its discretion by allowing
the State, and trial witnesses, to refer to appellant by his street nickname, AThug.@ 
The State contends appellant did not preserve this issue for our
review.   To preserve error for appeal, a
party must object each time inadmissible evidence is offered unless he (1)
obtains a running objection, or (2) makes an objection outside the presence of
the jury to all the testimony he deems objectionable.  Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003); see Tex.
R. Evid. 103(a)(1). 

At
trial, a hearing was held outside the presence of the jury in which the trial
court considered whether witness Nicole Cabble could refer to appellant as AThug@ during her testimony.  Because Cabble only knew appellant by his
nickname, the State requested that Cabble be permitted to refer to appellant by
his nickname for identification purposes. 
Appellant objected that the probative value would be substantially
outweighed by the danger of unfair prejudice. 
The trial court overruled appellant=s objection.








Although
appellant objected outside the presence of the jury to the admission of his
nickname through Cabble=s testimony, this objection only relieved him of having to
reassert his objection while she testified. 
See Gillum v. State, 888 S.W.2d 281, 285 (Tex. App.CEl Paso 1994, pet. ref=d). 
Texas Rule of Evidence 103 provides that an objection to Aoffered@ evidence outside the presence of the
jury will apply to the evidence when it is admitted before the jury without
having to repeat the objection.  Tex. R. Evid. 103.  Because only Cabble=s testimony concerning appellant=s nickname was Aoffered@ outside the presence of the jury,
appellant=s objection did not preserve error
with regard to the additional testimony about his nickname that was
subsequently offered by other witnesses. 
Moreover, because the subsequent witnesses referred to appellant=s nickname, any error in allowing
Cabble to refer to appellant=s nickname was cured by the unobjected-to testimony of the
subsequent witnesses.  See Leday v.
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that overruling
an objection to evidence will not result in reversal when other such evidence
is received without objection).

Accordingly,
we overrule appellant=s third issue.     

Admission of Videotapes

In
his fourth issue, appellant claims the trial court erred by admitting two
videotaped police interviews of appellant. 
In the first interview, appellant claimed he knew nothing about the
murder.  In the second interview, he
claimed that on the night of the offense, he gave a ride to an acquaintance who
admitted committing the murder. 
Appellant also claimed he had stayed at his girlfriend=s house that night.  Appellant also denied being with Higgins the
night of the offense and denied any knowledge about a .22 caliber handgun.  In contrast to appellant=s claims, his girlfriend testified
appellant was not at her home that night. 
Witnesses also testified appellant was with Higgins, and appellant had
traded some crack for a .22 caliber handgun about a week before the
offense.  The videotapes also contained
several references to drugs, extraneous crimes and bad acts, and character
evidence.    








At
trial, appellant objected to admission of the videotapes in their entirety
claiming they were irrelevant, and their probative value was substantially
outweighed by the danger of unfair prejudice. 
See Tex. R. Evid. 402,
Tex. R. Evid. 403.  A defendant=s conduct after the commission of a
crime which indicates a Aconsciousness of guilt@ is admissible to prove that he
committed the offense.  Torres v.
State, 794 S.W.2d 596, 598 (Tex. App.CAustin 1990, no pet.).  This conduct includes making false statements
to cover up the crime.  See King v.
State, 29 S.W.3d 556, 564B65 (Tex. Crim. App. 2000). 
Therefore, appellant=s statements to police which contradicted other evidence
presented at trial were relevant and admissible to show his consciousness of
guilt.  Although the tapes contained
statements that were not relevant to show appellant=s consciousness of guilt (such as
discussions about fishing), when evidence contains both admissible and
inadmissible portions, the objecting party must specifically refer to the
inadmissible portions to apprise the trial court of the precise objection.  See Sonnier v. State, 913 S.W.2d 511, 518
(Tex. Crim. App. 1995).  Appellant failed
to specifically object to any particular portions of the interview, and thus,
any error in overruling his relevancy objection has not been preserved for
review.  See id. 

Appellant
also failed to preserve error on his claim that the probative value of the
videotapes was outweighed by the danger of unfair prejudice because he did not
specifically object to the portions of the interviews that were inadmissible.  At trial, appellant pointed out that the
tapes contained references to drugs, crime, nicknames, extraneous offenses and
bad acts.  However, he did not specify
where these references could be found in the three hour tapes.  The trial court is not required to sort
through challenged evidence to segregate the admissible from the
inadmissible.  See Willover, 70
S.W.3d at 847.  Because appellant did not
specifically refer to the portions of the interviews he deemed inadmissible, he
failed to preserve the issue for our review.[7]  See Sonnier, 913 S.W.2d at 518.  Appellant=s fourth issue is overruled.

Accordingly,
the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed December 21, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant also
notes that the State was permitted to ask the Aone
witness@ question to potential jurors outside the presence of
the panel.  However, the record reflects
that appellant made no objection to these questions at the time they were
asked.   Therefore, he has waived any
complaint about  these questions on
appeal.  See Tex. R. App. P. 33.1(a).





[2]  Initially, we
note that whether the term Acousin@ referred to appellant goes to the weight and not the
admissibility of the statement.





[3]  We note that
Cabble’s trial testimony does not establish that Anderson was not present at
the time of the shooting.  Cabble merely
testified that Anderson did not tell her that he saw the shooting.





[4]  We note that
the Texas and federal rules on excited utterances are identical, and that Texas
adopted the federal rule.  See Fed. R. Evid. 803(2); H. Wendorf &
D. Shlueter, Texas Rules of Evidence
Manual 326 (2d ed. 1988).





[5]  Jack Langdon,
a lead investigator on the case, testified that he viewed a videotape from a
Chevron station where the victim was found dead in his car, and it showed that
something Aunusual@ was
happening around the car about 2:25 a.m. 
The victim=s body was discovered in his car around 4:45 a.m.





[6]  Because we
have determined that the trial court did not abuse its discretion by admitting
the statement under the excited utterance exception, we need not address
whether the statement was admissible under the present sense impression
exception.





[7]  In a previous
trial of this case, appellant did make objections to specific portions of the
interviews that he wanted excluded.  The
record reflects that in this trial, the court took notice of these previous
objections.  However, in this appeal,
appellant does not complain about the specific portions of the videotapes that
were the basis of those objections.