# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00639-CR

**Alvin Brown, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2003-160, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alvin Brown appeals his conviction by a jury for the murder of his common law spouse. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). In five issues, he challenges several of the trial court's evidentiary rulings. For the reasons that follow, we affirm the judgment of conviction.

## BACKGROUND

Caldwell County Sheriff's deputies and medical personnel responded to appellant's 911 call in the early morning hours of April 5, 2003. Upon arrival at the residence shared by appellant and Nodie Fennell, they discovered Ms. Fennell's body with appellant's shotgun on the ground nearby. Appellant was arrested for murder.

Appellant gave two videotaped statements to the police: one on the day of the death and a second one on April 7 in which he explained that Ms. Fennell had been shot due to the accidental discharge of his shotgun as the two struggled with the weapon. Because appellant does not challenge the sufficiency of the evidence, we will address the facts as necessary to discuss each issue.

**DISCUSSION**

On appeal, appellant challenges the admission of (i) evidence of prior extraneous assaults committed by appellant against the decedent, (ii) hearsay testimony of appellant's threats against a family member, (iii) a police officer's expert testimony, and (iv) autopsy photographs. He also challenges the failure of the trial court to instruct the jury to disregard inadmissible hearsay evidence.

*Admission of Evidence of Prior Assaults against Decedent*

In his first issue, appellant contends that the trial court erred in allowing witnesses to testify that appellant had assaulted the decedent during their relationship. Specifically, appellant argues the evidence was irrelevant and that the danger of unfair prejudice substantially outweighed its probative value. In the same issue, he urges that the court erred in admitting testimony of adjudicated extraneous assaults because the facts were dissimilar to those here and remote in time and therefore not relevant. Because appellant testified that the shooting was an accident, the State responded that the assaults were admissible to show appellant's intent, motive, and absence of accident or mistake, and to rebut appellant's claim that the victim caused the discharge of the firearm.

2

Evidence of other crimes, wrongs, or acts of a defendant is not admissible unless it is relevant to prove some issue other than the defendant's criminal character. Tex. R. Evid. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990) (op. on reh'g). Such other issues include identity, intent, motive, opportunity, preparation, and absence of mistake or accident. *Montgomery*, 810 S.W.2d at 377. We review the trial court's ruling on the admissibility of the extraneous offenses under an abuse of discretion standard. *Id*. at 391.

The State was required to prove, as an element of the charged offense, that appellant intended to cause death, serious bodily injury, or bodily injury. Both parties had been drinking and the issue turned on whether there was a struggle and the gun accidently discharged or the appellant purposefully discharged the weapon. The defensive theory appellant presented at trial was that he did not intend to shoot the decedent. Appellant contended that, during an argument, the decedent grabbed the gun he was holding to go hunting, that he pushed her away, and that the gun discharged accidently. Thus, the sole contested issue at trial was whether appellant had the requisite intent when he fired the gun. The jury's determination turned on whether the act was intentional, knowing, reckless, or the result of accident or mistake.

At trial, Ms. Fennell's two sons, eighteen-year-old Kristopher and twenty-four-year-old Cory Fennell, testified to the evidence challenged by appellant. Kristopher Fennell testified that he had known appellant for about ten or eleven years while appellant lived with his mother. Kristopher testified that he had once observed appellant slap his mother and, on a separate occasion within weeks of his mother's death, appellant had threatened him with a shotgun during an argument. Kristopher identified the firearm involved in his mother's death as the one appellant used to threaten

3

him. Appellant's objection on grounds of relevance to a question as to whether Kristopher had ever seen appellant "assault" his mother was overruled.

Cory Fennell, a drill instructor with the Hays County Juvenile Detention Center, testified that he had observed appellant strike his mother, leaving her with a black eye and bruises, that he had broken up a fight between them, and that, after the fight, appellant had threatened to kill the family. Cory also testified that the day before his mother died, appellant had "pulled" the shotgun on Kristopher. Appellant's objection on grounds of relevance to a question as to whether Cory had ever seen appellant "strike" his mother was overruled.

The decedent's sister, Barbara Fennell, testified that there were occasions when she observed that Ms. Fennell had "been hit." She recalled an incident in the summer of 1997 when appellant summoned Ms. Fennell from a family game of dominoes. When Ms. Fennell later returned, she was wearing sunglasses and had a black eye. During the same summer, Barbara actually saw appellant hit her sister. The family made appellant leave and called the police. In April 2003, Barbara expressed to Ms. Fennell her concern for Ms. Fennell's safety. She also testified that she had received a call from Kristopher within the weeks before her sister's death. In a voice indicating he was scared, Kristopher told her that appellant had pulled a gun on him. As Barbara arranged to remove Kristopher from the home, one of Kristopher's friends drove him to her house. Appellant did not object to Barbara Fennell's testimony.

Gerald Clough, a Caldwell County Sheriff's deputy, testified to four convictions in 1998 and 1999 for misdemeanor assault committed by appellant against Ms. Fennell, including the assault that was the subject of Barbara Fennell's testimony. The court overruled appellant's

4

objection that the convictions were more prejudicial than probative and therefore inadmissible. On appeal, appellant raises the same concerns as to the other acts—that the acts were remote and did not have probative value to the current relationship between appellant and the decedent.

We first observe that appellant failed to preserve error on this issue. First, his objection at trial to testimony by Kristopher and Cory Fennell concerning whether they had seen appellant strike or assault their mother was simply to "relevance." *See* Tex. R. Evid. 401-402. On appeal, he complains that the acts were dissimilar and remote in time and therefore lacked sufficient probative value apart from character conformity. *See id.* 403, 404(b).[1] Because the objection does not comport with the complaint on appeal, appellant has not preserved error. *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003).

In addition, to preserve a complaint for appellate review, the complaining party must make a timely and specific objection. Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). Generally, a party must object each time allegedly inadmissible evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Also, any error in admitting evidence is cured where the same evidence comes in elsewhere without objection. *Etheridge v. State*, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994). Because Barbara Fennell testified to the same or similar incidents and appellant

---

[1] In *Montgomery v. State*, 810 S.W.2d 372, 388-89 (Tex. Crim. App. 1990) (op. on reh'g), the court of criminal appeals observed that the proper objection to an extraneous offense calls for an objection under Rule 404(b) that the evidence has no relevance apart from proving the character of a person in order to show that he acted in conformity therewith. Then if the prosecution persuades the trial judge that the evidence has relevancy apart from proving character, a further Rule 403 objection must be lodged that the probative value is substantially outweighed by the unfair prejudice or other considerations set forth in the rule. *Id.*

did not object to her testimony, his earlier general objections to the testimony of Kristopher and Cory Fennell did not preserve error when the same evidence regarding the incidents of assault against the decedent was admitted.[2]

Even if the alleged error had been preserved, we would overrule this issue. The history of physical abuse in the relationship was relevant. The extraneous-offense evidence rebuts appellant's claim of accident and shows he intended to cause death, serious bodily injury, or bodily injury. The trial court instructed the jury that it could consider any such evidence only if it believed the evidence beyond a reasonable doubt and only for the purpose of determining intent, or absence of mistake or accident, or other permissible purpose set forth by the court. *See George v. State*, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994).

Citing *Johnston v. State*, appellant urges that this evidence is improper because it merely shows a "pattern of conduct" that is the type of evidence found to be inadmissible by the court of criminal appeals. 145 S.W.3d 215, 221-22 (Tex. Crim. App. 2004). *Johnston* is distinguishable. In that case involving injury to a child, the State sought to introduce other acts of abuse. But the issue in *Johnston* was the identity of the abuser and whether the evidence tended to show that it was appellant rather than another individual who committed the act. Thus, the

---

[2] Appellant also acknowledges that this issue may be multifarious because it covers various complaints of "other acts." A multifarious issue is one that embraces more than one specific ground. Although by combining more than one contention in a single point an appellant risks rejection on the ground that nothing is presented for review, an appellate court may address a multifarious point that is sufficiently developed in the brief. *See Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellant offered to rebrief this issue if requested.

extraneous-offense evidence was not relevant to a fact of consequence in the case apart from its

tendency to prove conduct in conformity with character. The court stated:

> Extraneous offense evidence might be relevant under Rule 404(b) to prove identity
> by rebutting a defensive theory that someone other than the defendant caused the
> specific injury alleged. In such a case, evidence of another act of misconduct could
> be offered to show that it was the defendant, and not some other person, who was the
> assailant in the charged incident, because the defendant committed another act very
> similar to the charged act. Proof of identity is a legitimate non-character purpose
> under Rule 404(b). But, before admitting evidence of another act of misconduct to
> show the identity of the assailant under this particular theory, the State must first
> show that the defendant is, in fact, the person who committed the other act.

*Id.* at 220-221.

Here the evidence was clearly relevant to prove that the appellant acted with the state

of mind required by the offense of which he was accused and to rebut appellant's theory of his

defense. Because the evidence was relevant to prove a legitimate non-character purpose under Rule

404(b)—intent and absence of accident—and because the probative value of the evidence was not

substantially outweighed by the danger of unfair prejudice, we conclude the trial court did not abuse

its discretion in admitting the extraneous offenses committed by appellant. Appellant's first issue

is overruled.

### *Hearsay Testimony*

In his second issue, appellant challenges the admission of brief testimony by Barbara

Fennell that a few weeks before the shooting she received a telephone call from Kristopher who told

her that appellant had threatened him with a shotgun. Appellant objected on grounds of hearsay and

7

the State then sought to introduce the statement as an excited utterance. The court overruled the objection. On appeal, appellant challenges the admission of the testimony because the State failed to lay the necessary predicate to establish that the statement was an excited utterance. *See* Tex. R. Evid. 803(2). Appellant's objection at trial does not comport with his objection on appeal. *See Guevara*, 97 S.W.3d at 583. Even assuming appellant has preserved error, any error is harmless because Kristopher testified about the incident without objection.

Appellant complains in his third issue that the trial court erred in refusing to instruct the jury to disregard inadmissible hearsay evidence. At trial, Cory Fennell testified that, on the day before the shooting, he examined appellant's shotgun because he had heard appellant had pulled a gun on Kristopher:

Q: Did you see that shotgun at your Mom's house on April 4th?

A: Yes, sir.

Q: And where did you see it?

A: I don't remember.

Q: Well, how did you come into contact with it or—

A: I came into contact with it because some rumors had been about that [appellant] pulled a gun on my little brother about—

Appellant's objection to the witness's statement that he had heard appellant had pulled a gun on his brother was sustained, but the court refused to instruct the jury to disregard the testimony. Cory then testified that he examined the gun and observed that it was not loaded. Appellant argues that the

8

limiting instruction was necessary to ameliorate the prejudicial effects of the error. He urges that the failure to issue an adequate instruction is error.

Hearsay is a statement, other than one made by the declarant while testifying offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). In his testimony, Cory explained how he came into contact with the shotgun and what caused him to examine it. Because the statement was offered to show why Cory came to examine the shotgun and was not offered for the truth of the statement, it is not hearsay and an instruction was not necessary. *See* 2 Stephen Goode, et al., *Texas Practice: Guide to the Texas Rules of Evidence*, § 801.2 (3d ed. 2002). Even assuming it was improper hearsay and the trial judge erred in failing to give an instruction, the record fails to demonstrate that the error required reversal. *See Bourque v. State*, 156 S.W.3d 675, 676-77 (Tex. App.—Dallas 2005, pet. ref'd).

Texas Rule of Appellate Procedure 44.2(b) provides that we "must disregard a non-constitutional error that does not affect a criminal defendant's 'substantial rights.'" *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *see* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Under rule 44.2(b), an appellate court may not reverse for nonconstitutional error if, after examining the record as a whole, we have fair assurance that the error did not have a substantial and injurious effect or influence on the jury's verdict. *Garcia*, 126 S.W.3d at 927. After examining the entire record of appellant's trial, we have fair assurance that the asserted errors urged in his second and third issues did not have a substantial and injurious effect or influence on the jury's verdict. *Id*. Appellant's second and third issues are overruled.

*Police Officer's Testimony*

In his fourth issue, appellant contends that the trial court erred in allowing police officer Chris McMahan to testify as to the inconsistencies between appellant's two videotaped statements because the testimony "invaded the province of the jury." The State responds that Officer McMahan was properly qualified as an expert and rendered appropriate expert testimony.

Rule 702 provides for the admissibility of expert testimony in the form of an opinion "[i]f scientific, technical, or other specialized knowledge will *assist* the trier of fact to understand the evidence or to determine a fact in issue." Tex. R. Evid. 702 (emphasis added). Courts have admitted expert testimony concerning a matter within most jurors' understanding when it appeared that the jurors would nonetheless be assisted in their factfinding function. The extent to which expert testimony may be of assistance to the jury in understanding the evidence is a matter of degree and will vary according to the circumstances of the case. *See United States v. Milton*, 555 F.2d 1198, 1203-05 (5th Cir. 1977) (law enforcement expert's interpretation of defendants' conversations did not invade province of jury). Law enforcement officers with sufficient qualifications may testify concerning the methods and techniques employed in law enforcement and in an area of criminal activity. Based on his training and experience, an officer's observations may be valuable to the jury. We review the court's ruling for an abuse of discretion. *Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992).

Both of appellant's videotaped statements were admitted into evidence and played for the jury. Officer McMahan then testified to inconsistencies between the statements, concluding

that the differences in the accounts showed that there was some deception. Although defense counsel objected when the officer was asked whether there were any differences between the two accounts, he did not object to the conclusion drawn by the officer.

Rule 704 abolishes the per se rule against testimony regarding ultimate issues of fact. Tex. R. Evid. 704. By the same token, however, courts must remain vigilant against the admission of legal conclusions. *See Huff v. United States*, 273 F.2d 56, 61 (5th Cir. 1959). In this case, the jury's task was to hear and review the appellant's videotaped statements. The officer's analysis contained some expertise that, based on his skill and training, could assist and guide the jury in its task. We cannot say the trial court abused its discretion in allowing the testimony. Appellant's fourth issue is overruled.

### *Admission of Autopsy Photographs*

In his fifth issue, appellant argues that the trial court abused its discretion in admitting autopsy photographs because their probative value was outweighed by their prejudicial effect. The State responds that the photographs were circumstantial evidence bearing on the issue of intent and were thus relevant. The State further argues that their probative value substantially outweighed any danger of unfair prejudice.

Rule 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Tex. R. Evid. 403; *Erazo v. State*, 144 S.W.3d 487, 491-92 (Tex. Crim. App. 2004); *Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999). "Unfair prejudice" does

11

not simply mean that the evidence will injure or prejudice the opponent's case. *Torres v. State*, 794 S.W.2d 596, 600 (Tex. App.—Austin 1990, no pet.). Rather, it refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*.

The admissibility of photographs is within the sound discretion of the trial judge. *Shuffield v. State*, No. AP-74,574, 2006 Tex. Crim. App. LEXIS 365, at *8 (Tex. Crim. App. Feb. 15, 2006); *Chamberlain*, 998 S.W.2d at 237. Several factors may be considered in determining whether the danger of unfair prejudice substantially outweighs the probative value of photographs, including the number of exhibits offered, their gruesomeness, detail, and size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed, and the availability of other means of proof and the circumstances unique to each individual case. *Chamberlain*, 998 S.W.2d at 237; *Narvaiz v. State*, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992). Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself. *Hayes v. State*, 85 S.W.3d 809, 816 (Tex. Crim. App. 2002). Changes rendered by the autopsy process are of minor significance if the disturbing nature of the photograph is primarily due to the injuries caused by the appellant. *Id*. Using an abuse-of-discretion standard, we must determine whether the trial court's ruling was reasonable in view of all relevant facts. *Shuffield*, 2006 Tex. Crim. App. LEXIS 365, at *9.

Appellant objected to the admission of autopsy photographs, which included exhibits 41 through 66. Specifically, he objected to exhibits 43 through 46 and 49 through 66 on various Rule 403 grounds. The exhibits were offered to document the injuries described by the medical examiner. Exhibits 43 through 46 were particularly graphic showing the interior of the decedent's

chest cavity and the destruction of the chest and heart caused by the "explosive nature of the shotgun blast." Exhibits 59 through 66 also depicted internal views of the deceased.

Of the photographs admitted into evidence, appellant singles out exhibit 49 because it does not depict an injury but was admitted to show that there was not an exit wound and exhibits 53-58 which purported to show bruising on the deceased's abdomen and breast. At trial, counsel objected generally that the probative value of the photographs was outweighed by their danger of unfair prejudice. On appeal, counsel complains that the photographs were large, in color and gruesome, and that the decedent is naked and placed upon an autopsy table. Although some of the photographs depicted the gunshot wound, counsel urges that none of the complained-of photographs depicted the path of the gunshot or related to appellant's trial account of the event. He contends that only three exhibits depicted the actual gunshot wound to the decedent's left breast. Although appellant failed to particularize these objections at trial, we will nevertheless address them.

The issues at trial were appellant's intent and the circumstances of Ms. Fennell's death. The task for the jury was to determine whether the injuries were self-inflicted, caused by accident, or were intentionally inflicted. The appellate record includes eight-and-a-half-by-eleven-inch color photographs admitted into evidence. Dr. Robert Bayardo, the chief medical examiner, identified the photographs, testifying that the decedent's wound was a contact shotgun wound in which the muzzle of the gun was "placed tightly against the breast at the time that the gun was fired." He described the plastic wad from the shotgun shell depicted in exhibits 44 and 47.

The photographs at issue were probative of the manner in which the decedent incurred the fatal injury, and were necessary for the State in developing its case and responding to the

appellant's theory of the incident. As the court of criminal appeals has observed, "Visual evidence accompanying testimony is most persuasive and often gives the fact finder a point of comparison against which to test the credibility of a witness and the validity of his conclusions." *Chamberlain*, 998 S.W.2d at 237. Although the photographs were explicit and gruesome, we cannot say the trial court abused its discretion in admitting them, as the danger of unfair prejudice did not substantially outweigh the probative value of the photographs. *See id.* Appellant's fifth issue is overruled.

## CONCLUSION

Having overruled appellant's issues, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: June 16, 2006

Do Not Publish