**Juan Alberto TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–201–CR.**

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Gerald A. Brown, Brown & Hibbs, Temple, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, JONES and ONION,* JJ.

ONION, Justice (Retired).

This is an appeal from a conviction for aggravated sexual assault of a child under the age of fourteen (14) years. Following the jury's verdict of guilty, the trial court assessed appellant's punishment at twenty-five (25) years in the Texas Department of Corrections.[1]

Appellant advances two points of error. First, he contends that the trial court erred in overruling his motion for a mistrial when the prosecutor in his opening statement to the jury stated that the appellant had made threatening telephone calls to his wife after he had been placed in jail. Second, appellant urges that the trial court erred in permitting, over objection, evidence of these threatening phone calls from jail and that this constituted extraneous offenses whose probative value was outweighed by the danger of prejudice to him. We will affirm the judgment of conviction.

The points of error are closely related and shall be considered together. In his opening statement the prosecutor related that the appellant's wife (mother of the alleged victim) would be a witness. He then stated: "The most ... I think the most important thing to keep in mind about the wife is that, she will testify that when this Defendant was arrested and placed in jail, he made some threatening phone calls ... from the jail...." The objection was sustained and the jury was instructed to

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

1. The Department of Corrections is now the Institutional Division of the Texas Department of Criminal Justice. 1989 Tex.Gen.Laws, ch. 785, § 1.19(f) at 3475. *See* Historical Note to Tex.Civ.Stat.Ann. art. 4413(401) (Supp.1990).

disregard the remark by the prosecutor, but the motion for mistrial was overruled.

M__M__ testified that on July 14, 1988, when she was 13 years old, the appellant, her stepfather, sexually assaulted her in the trailer home where they lived. She related that her mother left home around noon to pick up her sister who was attending summer school; that the appellant ordered the other children out of the living room and then forcibly had sexual intercourse with her; that when she was able to free herself she locked herself in the bathroom until the appellant left home. When her mother returned and asked her what was wrong, M__M__ testified that she did not tell her mother the truth because she was afraid of her stepfather. She admitted she did not tell anyone of the sexual assault until August 11, 1988, when she told Samantha Hobbs, a child welfare investigator for the Department of Human Services.

M__M__ revealed that the appellant had been touching her breasts, "butt," and vagina since she was eleven or twelve years old; that he was very strict and did not allow her to have friends or to receive telephone calls; that the appellant had left the home on August 1st and she did not want him to return.

Hobbs testified that on a home visit on August 11, 1988, M__M__ told her of the sexual assault. Amelia Torres testified that when she married the appellant in 1980 she had three children from her first marriage including M__M__; that she and the appellant now had three small children. She stated that the appellant had been a policeman in the Dominican Republic; that he had come to the United States and that he enlisted first in the National Guard and then in the regular United States Army. She recalled that on July 14, 1988, she left home about 11:55 a.m. to pick up her daughter, Joann, from summer school; that when she returned M__M__ was outside the house, looking "upset and mad" but would not tell her what had happened during the lunch hour. Mrs. Torres related that her older children did not get along very well with the appellant, and that after he left home on August 1st, they opposed his return. She confirmed Hobbs' visit and her own trip to contact the police. Thereafter, over objection, Mrs. Torres was permitted to testify before the jury that the appellant called her three times from jail and that he told her that if she testified he was going to take away all military benefits for her and the children including their I.D. cards; that he wanted her to drop all charges or he would see that she would go to jail as well as lose military benefits.

Appellant did not testify, but called five members of his Army unit at Fort Hood whose alibi testimony placed him on the base or at an armory from early in the morning until 1:55 p.m. on July 14, 1988. The jury rejected appellant's alibi defense and found him guilty.

■ Appellant contends that Amelia Torres' testimony about the extraneous offenses was inadmissible under Tex.R.Cr. Evid.Ann. 404(b) and 403, that he made this specific objection, and that the conviction must be reversed. The State urges that the evidence was admissible as a "consciousness of guilt," a recognized exception to the general rule prohibiting the admission of extraneous offenses or transactions.

■ "A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt. It is consequently a well accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a 'consciousness of guilt' may be received as a circumstance tending to prove that he committed the act with which he is charged." Ray, Texas Practice Vol. 2, *Law of Evidence*, § 1538, at 242 (1980).

Attempts by a party to suppress or fabricate evidence have been held admissible against a witness. *Johnson v. State*, 583 S.W.2d 399, 409 (Tex.Cr.App.1979); *Wells v. State*, 578 S.W.2d 118, 119 (Tex.Cr.App. 1979); *see also Garza v. State*, 172 Tex. Crim. 468, 358 S.W.2d 622, 623 (Tex.Cr. App.1962) (efforts of an accused to induce a witness to testify falsely may be shown as indicating a consciousness of guilt); *Richard v. State*, 97 Tex.Crim. 448, 261 S.W. 587 (Tex.Cr.App.1924) (proof that the

accused threatened or attempted to intimidate a State's witness is admissible); *Rodriguez v. State*, 577 S.W.2d 491, 492 (Tex. Cr.App.1979); 31A C.J.S. Evidence § 179, at 456–457 (1964).

In *Brown v. State*, 657 S.W.2d 117, 119 (Tex.Cr.App.1983), the Court wrote:

> It must be remembered that the conduct of the accused showing a consciousness of guilt, such as the suppression of the testimony of a witness, would be admissible as a circumstance tending to prove that he committed the act with which he is charged. *Love v. State*, 35 Tex.Cr.R. 27, 29 S.W. 790; *Savage v. State*, 75 Tex.Cr.R. 213, 170 S.W. 730; *Maddox v. State*, 163 Tex. Cr.R. 5, 288 S.W.2d 780.... 'The defendant or any other witness is entitled to explain any fact tending to create a distrust of his integrity of truthfulness.' Branch's Ann.P.C., 2nd Edition, Volume 1, p. 133, Section 17. *Antwine v. State*, 572 S.W.2d 541 (Tex.Cr.App. 1978), at page 543.

Thus, this Court has allowed admission of extraneous offenses for this purpose.... We find that the evidence that appellant possessed a gun and made threats to kill L__M__'s family was admissible as showing an effort on his part to suppress and destroy evidence against him. McCormick & Ray, Texas Law of Evidence (3rd Edition 1980), Section 1538, page 242. The evidence is also admissible to explain why L__M__ did not make an immediate outcry. 48 Tex.Jur.2d Rape, Section 59.

Appellant calls attention to Tex.R.Cr. Evid.Ann. 404(b) (effective Sept. 1, 1986), which provides:

> (b) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted

in a conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,* provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction. (Emphasis supplied.)

Appellant argues that "a consciousness of guilt" is not listed in the rule, and the extraneous offenses, thus, were not admissible for that purpose. *Banda v. State*, 768 S.W.2d 294, 296 (Tex.Cr.App.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 291, 107 L.Ed.2d 270 (1989), has been decided against the argument that the "other purposes" listed above in Rule 404(b) are exclusive or exhaustive.[2] The "a consciousness of guilt" exception to the general rule is alive and well in Texas. Reports of its demise have been widely exaggerated.

■ Nevertheless, appellant further argues that the extraneous offenses were still inadmissible under Tex.R.Cr.Evid.Ann. 403.[3] He contends that this evidence, even if relevant, should have been excluded because its probative value was "substantially outweighed by the danger of unfair prejudice." Appellant objected on this basis at trial, calling the trial court's attention to Rules 404(b) and 403. Rule 404(b) recognizes that evidence of extraneous acts while inadmissible to prove character "may, however, be admissible for other purposes," and Rule 403 may come into play in determining the admissibility of that evidence.

"It would seem that Rule 403 more strongly favors admissibility than did many of the earlier formulations of the appropriate balancing test; with the opponent of

---

2. *See also* Goode, Wellborn and Sharlot, Texas Practice, Vol. 33, Guide To The Texas Rules of Evidence: Civil and Criminal, §§ 403.1 and 404.6 (1988). *See* and *cf.* exceptions set forth in *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr. App.1972), which exceptions were never intended to be exclusive. *Cantrell v. State*, 731 S.W.2d 84, 89 (Tex.Cr.App.1987).

3. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

the evidence bearing the burden of showing that the probative value is 'substantially outweighed' by the countervailing factors." Goode, Wellborn and Sharlot, Texas Practice, Vol. 33, *Guide To The Texas Rules of Evidence: Civil and Criminal* § 403.1, at 90 (1988); *see also Crank v. State*, 761 S.W.2d 328, 342, n. 5 (Tex.Cr. App.1988).

 "Unfair prejudice" is a consideration that can justify the exclusion of relevant evidence. The term, however, does not simply mean that the evidence will injure or prejudice the opponent's case which is, after all, the central point of offering evidence. The term refers to " 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " Goode, Wellborn and Sharlot, Texas Practice, Vol. 33, *Guide To The Texas Rules of Evidence: Civil and Criminal*, § 403.2, at 93 (1988) (quoting Advisory Committee's Note to Federal Rule 403); *see also Montgomery v. State* (Tex.Cr.App.1990—Nos. 1090–1091—May 30, 1990).

In the instant case, appellant timely objected on the basis of the rules and a hearing in the jury's absence was conducted.[4] Thereafter, the court overruled the objection and admitted evidence of the telephone conversations before the jury. The extraneous offenses were shown to be within a recognized exception to the general rule of prohibition, and it was further demonstrated that (1) the extraneous offenses were relevant to a material issue in the case; (2) their probative value substantially outweighed unfair prejudice; and (3) the offenses were committed by the appellant. The test of admissibility was met. *Wyle v. State*, 777 S.W.2d 709, 715 (Tex.Cr.App.1989); *Turner v. State*, 754 S.W.2d 668, 672–673 (Tex.Cr.App.1988). Given the facts and circumstances, the trial court did not abuse its discretion in admitting the complained-of evidence. When

first mentioned in the State's opening argument, the objection thereto was sustained, and the jury was instructed by the trial court to disregard, although the mistrial motion was overruled. Normally the instruction to disregard will cure the error, if any. Further the evidence of the extraneous offenses was later properly admitted. We find no merit in appellant's points of error, and they are overruled.

The judgment is affirmed.

---

4. Although not applicable to the instant case, a warning may be in order. "In using Rule 403 as a basis of objection, counsel should make (and judges should expect) specific offers of proof or argument rather than bland incantations which do little to help the judge decide whether the evidence is admissible. Indeed standardized objections of 'prejudicial' will probably not suffice to preserve a Rule 403 objection." Wendorf and Schleuter, Texas Rules of Evidence Manual, 2nd Ed., p. 68 (1988). *See also* Tex.R.Cr.Evid.Ann. 103 and Tex.R.App.P.Ann. 52(a) (Pamp.1990).