montoya 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-322-CR





JOE MONTOYA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 102,831, HONORABLE BOB JONES, JUDGE PRESIDING



 




 Over a plea of not guilty, the jury found Joe Montoya guilty of murder. See Tex.
Penal Code Ann. § 19.02 (1989). The jury also found favorably to the State on the allegations
contained in two enhancement paragraphs of the indictment. They assessed punishment at life
imprisonment. The trial court adjudged Montoya guilty and sentenced him accordingly. He
appeals. We will affirm the judgment.



THE CONTROVERSY


 Austin police officer David Lugo received a report that a man was throwing rocks
at a house occupied by Deborah Trujillo, Adolph Barron, and Johnny Barron. When Lugo
arrived at the house, Trujillo and Adolph Barron emerged from the front door of the house and
ran down the side of the dwelling toward the back yard. Lugo followed the pair to the back yard. 
There he saw Johnny Barron leaning over the body of Jesse Guerra, who was still alive but in
serious condition because of stab wounds in his chest. Other officers arrived within minutes and
began an investigation.

 In the back yard, the officers found several items that were later introduced in
evidence. One of the items was a butcher knife lying several feet from where Lugo first saw
Johnny leaning over Guerra's body. The evidence adduced at trial showed that the butcher knife
belonged to Johnny, who used it in cooking outside in the back yard. The knife had no blood on
it and was of a size different from that which inflicted the stab wounds.

 Montoya was later arrested and indicted for the murder of Guerra. A jury found
Montoya guilty. He appeals.



DISCUSSION AND HOLDINGS


 Montoya brings two points of error under one heading. He contends the trial court
erred in admitting the butcher knife in evidence because: (1) the butcher knife was not relevant
to any material issue in the case, the State having conceded the butcher knife was not the murder
weapon; and (2) even if the butcher knife was relevant to a material issue, its probative value was
substantially outweighed by the danger of unfair prejudice. See Tex. R. Crim. Evid. Ann. 403
(Pamph. 1992). (1)
 We hold there was no error in either respect.



Relevance


 To carry its burden in a murder prosecution, the State must prove the defendant
intentionally or knowingly caused the death of a person. See Tex. Penal Code Ann. § 19.02(a)(1)
(1989). By his plea of not guilty, Montoya required the State to adduce evidence proving each
element of the crime. Therefore, the State was entitled to introduce any evidence which tended
to make Montoya's guilt more probable than it would be absent the evidence. See Tex. R. Crim.
Evid. Ann. 401 (Pamph. 1992) ("Relevant evidence" means evidence having a tendency to make
the existence of any fact that is of consequence to the determination of the action more probable
or less probable than it would be without the evidence.). 

 The State conceded the butcher knife was not the murder weapon. (2) Before the jury,
however, it justified its offer of the knife as evidence on two grounds: (1) Introduction of the
knife in evidence forestalled any defense argument that the State had failed to conduct a thorough
investigation; and (2) introduction of the knife in evidence refuted possible defense arguments that
it was the murder weapon and had been wielded by someone other than Montoya.

 We agree with the State that the butcher knife was admissible to refute any possible
defense contentions that it was the murder weapon. The evidence showed without dispute that the
butcher knife lay within a few feet of Guerra's body and belonged to the blood-splattered Johnny,
who was leaning over Guerra's body when the first officer arrived. The investigating officers
observed, however, that the butcher knife had no blood on it. Moreover, the evidence showed
that the deadly wounds were caused by a knife blade three-quarters of an inch wide, and the
butcher knife was wider than that.

 Montoya's own argument, that the evidence against him was "circumstantial," only
highlights the relevance of the butcher knife. Trujillo testified that she saw Montoya flee after
he stabbed Guerra with an instrument that looked like a knife, and that she was familiar with a
knife he frequently carried. Notwithstanding this eyewitness testimony, Montoya argues that the
case remains a circumstantial-evidence case because: (1) Trujillo's testimony was doubtful because
she is near-sighted, she was not wearing corrective lenses at the time, and the event occurred in
the hours of darkness; (2) the murder weapon was never introduced in evidence; (3) no other
witness saw Montoya stab Guerra; and (4) even if the other witnesses' testimony incriminated
Montoya in some respect, that evidence was doubtful for various reasons. If the case be
circumstantial only, it appears to us that the butcher knife was properly admitted to discount any
exculpatory theory that Johnny murdered Guerra with the butcher knife. In other words, the
appearance and size of the butcher knife tended to prove that Johnny was not the perpetrator,
notwithstanding the incriminating circumstances observed by the first officer to arrive on the
scene: i.e., the butcher knife lay near Guerra's body and Johnny was leaning over the body with
blood on his clothing. Cf. Hernandez v. State, 817 S.W.2d 744, 746-47 (Tex. App. 1991, no
pet.).

 In any case, we believe the knife was admissible as proof of the context of the
offense. Regarding admission of evidence of an extraneous offense, the court of criminal appeals
has said, 



 [E]vidence of the context of the offense is almost always admissible
under the reasoning that events do not occur in a vacuum and the
jury has a right to have the offense placed in its proper setting so
that all evidence may be realistically evaluated. . . . [T]he unfolding
of events and the progression of the crime is necessary to a full
picture and understanding of what took place.


Mann v. State, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986), cert. denied, 481 U.S. 1007
(1987). We believe that reasoning applies in the present case as well. The butcher knife was part
of that context of the crime and the jury were entitled to evaluate the evidence in its true and
proper setting. See Mayes v. State, 816 S.W.2d 79, 84-85 (Tex. Crim. App. 1991) ("It therefore
appears that background evidence was meant to be included within the definition of relevancy, not
necessarily because it influences a consequential fact, but because it illuminates a circumstance
otherwise dimly perceived by the factfinder."); see also Albrecht v. State, 486 S.W.2d 97, 103
(Tex. Crim. App. 1972).

 We hold the trial court did not abuse its discretion by admitting the butcher knife
in evidence. See Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990)
(allowing an appellate court to overturn a trial court's decision on relevancy only when the trial
court has abused its discretion).



Unfair Prejudice


 If the relevance of the butcher knife was substantially outweighed by the danger of
unfair prejudice, it was not admissible even though relevant. Tex. R. Crim. Evid. Ann. 403
(Pamph. 1992). Under this rule, however, the relevance of the evidence established a
presumption in favor of admitting it. See Crank v. State, 761 S.W.2d 328, 342 n.5 (Tex. Crim.
App. 1988), cert. denied, 493 U.S. 874 (1989). "Unfair" prejudice does not simply mean that
the evidence will injure the opponent's case; it refers to prejudice that might result in a decision
on an improper basis, usually an emotional basis. See Montgomery, 810 S.W.2d at 389; Torres
v. State, 794 S.W.2d 596, 600 (Tex. App. 1990, no pet.); see also Fed. R. Evid. 403 advisory
committee's note.

 We cannot conclude the probative value of the knife was substantially outweighed
by its prejudicial effect. The State's witnesses and the prosecutor stated explicitly that the butcher
knife was not the murder weapon. Given the State's clear and repeated statements before the jury
that the butcher knife was not the murder weapon and its justification for introducing the knife,
we hold that Montoya has not demonstrated that such prejudice was "unfair" in the sense
necessary for us to hold that the trial court abused its discretion in admitting the butcher knife in
evidence. See Mann, 718 S.W.2d at 744 ("Rarely will the prejudicial value render inadmissible
any evidence that is context of the offense."); see also Montgomery, 810 S.W.2d at 390 (granting
the trial court broad discretion in determining the admissibility of relevant evidence).

 Finding no error, we affirm the trial-court judgment.




 

 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: June 3, 1992

[Do Not Publish]
1. Montoya does not contend that the butcher knife tended to show an extraneous offense
committed by Montoya. Cf. Maynard v. State, 685 S.W.2d 60 (Tex. Crim. App. 1985).

2. The officer who identified the butcher knife as having been gathered at the scene stated that
it was not, in his opinion, the knife used to inflict the wounds that caused Guerra's death. In
argument to the jury, the prosecuting attorney stated twice that the butcher knife was not the
murder weapon. The State never introduced, and apparently never found, a knife that it
contended was used by Montoya to kill Guerra.