cr4-597.ramirez 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00597-CR







Ricardo Ramirez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 283RD JUDICIAL DISTRICT


NO. F94-53523-LT, HONORABLE TEMPLE DRIVER, JUDGE PRESIDING







PER CURIAM


 A jury convicted Ricardo Ramirez of robbery. (1) The jury assessed his sentence at
three years' imprisonment. Ramirez asserts by his sole point of error that the trial court abused
its discretion in admitting testimony involving an extraneous offense. We will affirm the
conviction.

 Ramirez does not dispute the evidence showing the elements of his offense. Larry
Lee, a supermarket meat market manager, saw Ramirez quickly pick up a large round roast and
leave the meat counter. In Lee's experience, people who act like this usually intend to shoplift. 
He tracked Ramirez through the store. When he found him, Lee noticed that, though Ramirez
was no longer carrying the roast in his hands, he had a newly developed, unusually large bulge
in the front of his pants. 

 Ramirez left the store without paying for the roast. Lee and another store employee
followed him out of the store and asked Ramirez to stop. Ramirez turned around, holding an
opened pocketknife in his hand. Feeling threatened, the store employees backed off. Ramirez
walked away.

 Lee hailed two police officers who were at a nearby Burger King. The officers
detained Ramirez. They removed both the pocketknife and the roast from Ramirez's pants. Lee
got a third store employee to interpret for Ramirez, who spoke Spanish and broken English. The
third employee interpreted the Miranda warning and the store's warning for Ramirez not to return
to the store. 

 Ramirez testified that, though he did not remember the events, he could not deny
that they occurred. He said he had drunk sixteen beers the previous evening and had drunk
between twelve and twenty-four beers that morning. The store employees testified that Ramirez
smelled of beer but did not seem intoxicated. The police officer adjudged Ramirez slightly
intoxicated.

 The basis of this appeal is the interpreter-employee's testimony that Ramirez
threatened to "get" the person who summoned the police. Ramirez contends that the admission
of this testimony, over his objection, amounted to admission of the extraneous, uncharged offense
of terroristic threat. He contends that the admission of the evidence unduly prejudiced his defense
by inflaming the minds of the jurors against him.

 An extraneous offense is not admissible to prove the character of the defendant in
order to show he acted in conformity therewith. Tex. R. Crim. Evid. 404(b). It may, however,
be admissible for other purposes, such as showing a consciousness of guilt. Torres v. State, 794
S.W.2d 596, 599 (Tex. App.--Austin 1990, no pet.); see also Tex. R. Crim. Evid. 404(b). 
Evidence of threats against or attempts to intimidate a State's witness show consciousness of guilt
and are admissible. Torres, 794 S.W.2d at 598-99. The evidence may nevertheless be
inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. 
Tex. R. Crim. Evid. 403; Torres, 794 S.W.2d at 599-600. Evidence unduly prejudices when it
inappropriately suggests to the jury an improper, often emotional, basis for their decision. Id. at
600.

 The interpreter-employee's testimony about Ramirez's threat showed Ramirez's
immediate awareness of guilt without suggesting an improper emotional basis for the jury's
decision. We hold that the court did not err by admitting the evidence.

 Even if the court erred by admitting this evidence, we can affirm the judgment if
we determine beyond a reasonable doubt that the error did not contribute to the conviction. See
Tex. R. App. P. 81(b)(2). The jury charge provided:



[i]f you believe from the evidence beyond a reasonable doubt that the defendant,
RICARDO RAMIREZ, . . . did then and there, while in the course of committing
theft and with intent to obtain or maintain control of the property of LARRY LEE,
the said property being a roast, without the effective consent of the said LARRY
LEE, and with intent to deprive the said LARRY LEE of said property, did then
and there knowingly or intentionally threaten or place the said LARRY LEE in fear
of imminent bodily injury, then you will find the defendant guilty of the offense
of robbery, as charged in the indictment . . . .



Lee's uncontroverted testimony showed that Ramirez took the roast, stuffed it in his pants, and
walked out. When confronted by Lee and another employee outside the store, Ramirez brandished
the knife, placing Lee in fear of imminent bodily injury. When Lee and his fellow employee
backed off, Ramirez walked away without returning the roast. The police confirmed that they
found a knife and roast in Ramirez's pants. 

 In light of the overwhelming, uncontroverted testimony establishing the elements
of the offense of robbery, we are convinced beyond a reasonable doubt that the testimony
regarding the threat did not contribute to the conviction. 

 We hold that the court did not commit error, much less harmful error, by admitting
evidence of Ramirez's threat to "get" the people who called the police. We overrule point one
and affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 23, 1995

Do Not Publish

1.   Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 29.02, 1973 Tex. Gen. Laws 883, 926
(Tex. Penal Code Ann. § 29.02, since amended).