

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NOS. 2-07-420-CR
2-07-421-CR

ANTHONY WAYNE RAMSEY                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Anthony Wayne Ramsey appeals his convictions for aggravated sexual assault and failure to register as a sex offender.  We affirm.

After a night out drinking with appellant, David McBride, Matthew Davis, and Ethany Bowden, Christina Gonzales was too intoxicated to walk unassisted. Appellant, David, and Matthew helped her into appellant's car, dropped off

---

[1] *... See* Tex. R. App. P. 47.4.

Ethany, and then took Christina home and helped her into bed, where she immediately passed out.

While David and Matthew "raided her refrigerator," appellant returned to Christina's bedroom. Christina "woke up to pain because something was being shoved in[side]" her. She could hear appellant's voice in the room but drifted in and out of consciousness, and although she did not consent to sex and told him to stop, she was unable to protest loudly.

After fifteen to thirty minutes, appellant rejoined David and Matthew. He emerged from Christina's room laughing, with blood on his hands, saying that he had just had sex with her, and he joked that he needed a pair of "needle-nose pliers" to extract a vibrator that he had lodged inside her. Appellant returned to the bedroom, came out after a few minutes, assuring the other two that everything was okay, and they all left together.

Christina awoke with severe abdominal pain. She saw blood on her bed and blood when she went to the bathroom. When the pain would not subside, she called 911 and was taken by ambulance to the hospital where it was determined that she had suffered a torn colon caused by penetration with a foreign object. It took surgery to stop her bleeding, and she had to wear a colostomy bag for four months while she healed.

Appellant was arrested and charged with aggravated sexual assault. Because he was serving a term of deferred adjudication community supervision for failure to register as a sex offender, the State additionally petitioned to revoke his community supervision and adjudicate him guilty of that offense. While awaiting trial, appellant called David and threatened to accuse him of sexually abusing children if he testified against him.

A jury found appellant guilty of aggravated sexual assault. After hearing additional evidence, the trial court revoked appellant's community supervision, adjudicated him guilty of failure to register as a sex offender, and sentenced him to life in prison for aggravated sexual assault to run concurrently with ten years' confinement for failure to register.

In his first point, appellant contends that the trial court abused its discretion by admitting extraneous offense evidence that appellant had threatened David not to testify and that as a result of the threat, David thought that appellant was more responsible for Christina's injuries than he had originally thought. Appellant argues that David's testimony is inadmissible under rules of evidence 402, 403, and 404(b).

We review a trial court's ruling on admissibility of evidence for an abuse of discretion, and we will sustain a trial court's evidentiary ruling if it is correct

3

on any theory of law applicable to the case.[2] Rule 402 provides that evidence which is not relevant is not admissible.[3] Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.[4] It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or accident.[5] The list of "other purposes" in rule 404(b) is not exclusive. Evidence that the accused threatened a witness to coerce that witness's testimony has been held relevant under rule 404(b) to show the accused's consciousness of guilt.[6]

David testified that appellant threatened to accuse him and his wife of sexually abusing appellant's girlfriend's children if David testified against him

---

[2] ... *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g); *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990).

[3] ... Tex. R. Evid. 402.

[4] ... *See* Tex. R. Evid. 404(b).

[5] ... *Id.*

[6] ... *Ransom v. State,* 920 S.W.2d 288, 299 (Tex. Crim. App. 1994) (op. on reh'g), *cert. denied*, 519 U.S. 1030 (1996); *Peoples v. State*, 874 S.W.2d 804, 809 (Tex. App.–Fort Worth 1994, pet. ref'd); *Hornbuckle v. State*, Nos. 02-06-00316-CR, 02-06-00317-CR, 02-06-00318-CR, 2008 WL 2168007, at *7 (Tex. App.—Fort Worth May 22, 2008, pet. ref'd) (mem. op., not designated for publication).

and that these threats made him think that appellant had something to do with Christina's injuries. This testimony was relevant to show appellant's consciousness of guilt.[7]

Although we have held that David's testimony was relevant, rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.[8] A rule 403 analysis includes the following factors: (1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence.[9] As a reviewing court using an abuse of discretion standard, we should do more than decide whether the trial judge did in fact conduct the required balancing between probative and prejudicial values; the trial court's determination must be reasonable in view of all relevant facts.[10]

---

[7] ... *See Ransom*, 920 S.W.2d at 299; *Peoples*, 874 S.W.2d at 809.

[8] ... Tex. R. Evid. 403.

[9] ... *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006), *cert. denied*, 127 S. Ct. 664 (2006); *Montgomery*, 810 S.W.2d at 389–90.

[10] ... *Shuffield*, 189 S.W.3d at 787; *Santellan v. State,* 939 S.W.2d 155, 169 (Tex. Crim. App.1997); *Rachal v. State,* 917 S.W.2d 799, 808 (Tex. Crim.

David's testimony that appellant threatened him to keep him from testifying is highly probative of appellant's consciousness of his guilt.[11] It was unlikely to influence the jury in an irrational way; to the contrary, it is *rational* to conclude that appellant threatened David because he was guilty of the offense. Although appellant argues that the evidence took a long time to develop, our review of the record shows that David's testimony on this issue consumed no more than two pages of the record. Finally, the State's need for the evidence was significant because consent was a contested issue and evidence that appellant was conscious of his guilt tended to show that he knew that Christina had not consented. On our review of the record, therefore, we hold that the trial court acted within its discretion by admitting David's testimony. We overrule appellant's first point.

In his second point, appellant contends that the prosecutor engaged in improper jury argument by referring to him as "evil" several times during the State's closing argument. Appellant did not object to these references during the State's argument but now claims that the prosecutor's comments amounted to fundamental error. This claim is without merit. The court of criminal

---

App.), *cert. denied*, 519 U.S. 1043 (1996); *Montgomery,* 810 S.W.2d at 392.

[11] *See Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.) ("A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt.").

appeals, this court, and our sister courts have repeatedly held that jury argument complaints must be preserved by objection or they are forfeited on appeal.[12] Because appellant did not object to the prosecutor's remarks, he has forfeited this claim on appeal, and we overrule appellant's second point.

Having found no reversible error, we affirm the judgments.


PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 10, 2009

---

[12]... *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *Williams v. State*, No. 08-03-00083-CR, 2006 WL 2987117, at *2 (Tex. App.—El Paso Oct. 19, 2006, no pet.) (op. on remand, not designated for publication); *Chounard v. State*, No. 04-05-00231-CR, 2006 WL 542702, at *1 (Tex. App.—San Antonio Mar. 8, 2006, no pet.) (mem. op., not designated for publication) ("improper jury argument, even if 'incurable,' is not fundamental error that may be raised for the first time on appeal"); *Lamkin v. State*, No. 02-03-00265-CR, 2004 WL 1909292, at *3 (Tex. App.—Fort Worth Aug. 26, 2004, pet. ref'd) (mem. op., not designated for publication) ("Appellant also may not claim fundamental error to excuse his failure to preserve alleged error in the State's arguments to the jury."), *cert. denied*, 546 U.S. 840 (2005).