COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
2-07-420-CR 

       2-07-421-CR

 

 

ANTHONY WAYNE RAMSEY                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Anthony Wayne Ramsey appeals his convictions for aggravated sexual assault and
failure to register as a sex offender. 
We affirm.








After a
night out drinking with appellant, David McBride, Matthew Davis, and Ethany
Bowden, Christina Gonzales was too intoxicated to walk unassisted.  Appellant, David, and Matthew helped her into
appellant=s car, dropped off Ethany, and
then took Christina home and helped her into bed, where she immediately passed
out.

While
David and Matthew Araided her refrigerator,@
appellant returned to Christina=s
bedroom.  Christina Awoke up
to pain because something was being shoved in[side]@
her.  She could hear appellant=s voice
in the room but drifted in and out of consciousness, and although she did not
consent to sex and told him to stop, she was unable to protest loudly.

After
fifteen to thirty minutes, appellant rejoined David and Matthew.  He emerged from Christina=s room
laughing, with blood on his hands, saying that he had just had sex with her,
and he joked that he needed a pair of Aneedle-nose
pliers@ to
extract a vibrator that he had lodged inside her.  Appellant returned to the bedroom, came out
after a few minutes, assuring the other two that everything was okay, and they
all left together.

Christina
awoke with severe abdominal pain.  She
saw blood on her bed and blood when she went to the bathroom.  When the pain would not subside, she called
911 and was taken by ambulance to the hospital where it was determined that she
had suffered a torn colon caused by penetration with a foreign object.  It took surgery to stop her bleeding, and she
had to wear a colostomy bag for four months while she healed.








Appellant
was arrested and charged with aggravated sexual assault. Because he was serving
a term of deferred adjudication community supervision for failure to register
as a sex offender, the State additionally petitioned to revoke his community
supervision and adjudicate him guilty of that offense.  While awaiting trial, appellant called David
and threatened to accuse him of sexually abusing children if he testified
against him.

A jury
found appellant guilty of aggravated sexual assault.  After hearing additional evidence, the trial
court revoked appellant=s community supervision,
adjudicated him guilty of failure to register as a sex offender, and sentenced
him to life in prison for aggravated sexual assault to run concurrently with
ten years= confinement for failure to
register.

In his
first point, appellant contends that the trial court abused its discretion by
admitting extraneous offense evidence that appellant had threatened David not
to testify and that as a result of the threat, David thought that appellant was
more responsible for Christina=s
injuries than he had originally thought. 
Appellant argues that David=s
testimony is inadmissible under rules of evidence 402, 403, and 404(b).













We
review a trial court=s ruling on admissibility of
evidence for an abuse of discretion, and we will sustain a trial court=s
evidentiary ruling if it is correct on any theory of law applicable to the
case.[2]  Rule 402 provides that evidence which is not
relevant is not admissible.[3]  Rule 404(b) provides that evidence of other
crimes, wrongs, or acts is not admissible to prove the character of a person in
order to show action in conformity therewith.[4]  It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, absence of mistake, or accident.[5]  The list of Aother
purposes@ in rule
404(b) is not exclusive.  Evidence that
the accused threatened a witness to coerce that witness=s
testimony has  been held relevant under
rule 404(b) to show the accused=s
consciousness of guilt.[6]      David
testified that appellant threatened to accuse him and his wife of sexually
abusing appellant=s girlfriend=s
children if David testified against him and that these threats made him think
that appellant had something to do with Christina=s
injuries.  This testimony was relevant to
show appellant=s consciousness of guilt.[7]  

Although
we have held that David=s testimony was relevant, rule
403 provides that relevant evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.[8]  A rule 403 analysis includes the following
factors: (1) how probative the evidence is; (2) the potential of the evidence
to impress the jury in some irrational, but nevertheless indelible way; (3) the
time the proponent needs to develop the evidence; and (4) the proponent=s need
for the evidence.[9]  As a reviewing court using an abuse of
discretion standard, we should do more than decide whether the trial judge did
in fact conduct the required balancing between probative and prejudicial
values; the trial court=s determination must be
reasonable in view of all relevant facts.[10]








David=s
testimony that appellant threatened him to keep him from testifying is highly
probative of appellant=s consciousness of his guilt.[11]  It was unlikely to influence the jury in an
irrational way; to the contrary, it is rational to conclude that
appellant threatened David because he was guilty of the offense.  Although appellant argues that the evidence
took a long time to develop, our review of the record shows that David=s
testimony on this issue consumed no more than two pages of the record.  Finally, the State=s need
for the evidence was significant because consent was a contested issue and
evidence that appellant was conscious of his guilt tended to show that he knew
that Christina had not consented.  On our
review of the record, therefore, we hold that the trial court acted within its
discretion by admitting David=s
testimony.  We overrule appellant=s first
point.








In his
second point, appellant contends that the prosecutor engaged in improper jury
argument by referring to him as Aevil@ several
times during the State=s closing argument.  Appellant did not object to these references
during the State=s argument but now claims that
the prosecutor=s comments amounted to
fundamental error.  This claim is without
merit.  The court of criminal appeals,
this court, and our sister courts have repeatedly held that jury argument complaints
must be preserved by objection or they are forfeited on appeal.[12]  Because appellant did not object to the
prosecutor=s remarks, he has forfeited this
claim on appeal, and we overrule appellant=s second
point.

Having
found no reversible error, we affirm the judgments.

 

PER
CURIAM

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1991) (op. on reh=g); Romero v. State, 800 S.W.2d
539, 543B44 (Tex. Crim. App.
1990).





[3]Tex. R. Evid. 402.





[4]See Tex. R. Evid. 404(b).





[5]Id.





[6]Ransom v. State, 920 S.W.2d 288, 299
(Tex. Crim. App. 1994) (op. on reh=g), cert. denied, 519 U.S. 1030 (1996); Peoples
v. State, 874 S.W.2d 804, 809 (Tex. App.BFort Worth 1994, pet. ref=d); Hornbuckle v.
State, Nos. 02-06-00316-CR, 02-06-00317-CR, 02-06-00318-CR, 2008 WL
2168007, at *7 (Tex. App.CFort Worth May 22, 2008,
pet. ref=d) (mem. op., not
designated for publication).





[7]See Ransom, 920 S.W.2d at 299; Peoples,
874 S.W.2d at 809.





[8]Tex. R. Evid. 403.





[9]Shuffield v. State, 189 S.W.3d 782, 787
(Tex. Crim. App. 2006), cert. denied, 127 S. Ct. 664 (2006); Montgomery,
810 S.W.2d at 389B90.





[10]Shuffield, 189 S.W.3d at 787;
Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App.1997); Rachal v.
State, 917 S.W.2d 799, 808 (Tex. Crim. App.), cert. denied, 519 U.S.
1043 (1996); Montgomery, 810 S.W.2d at 392.





[11]See Torres v. State, 794 S.W.2d 596, 598
(Tex. App.CAustin 1990, no pet.) (AA >consciousness of guilt= is perhaps one of the
strongest kinds of evidence of guilt.@).





[12]Threadgill v. State, 146 S.W.3d 654, 667
(Tex. Crim. App. 2004); Mathis v. State, 67 S.W.3d 918, 926B27 (Tex. Crim. App.
2002); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert.
denied, 520 U.S. 1173 (1997); Williams v. State, No. 08-03-00083-CR,
2006 WL 2987117, at *2 (Tex. App.CEl Paso Oct. 19, 2006, no pet.) (op. on remand,
not designated for publication); Chounard v. State, No. 04-05-00231-CR,
2006 WL 542702, at *1 (Tex. App.CSan Antonio Mar. 8, 2006, no pet.) (mem. op., not
designated for publication) (Aimproper jury argument, even if >incurable,= is not fundamental error
that may be raised for the first time on appeal@); Lamkin v. State,
No. 02-03-00265-CR, 2004 WL 1909292, at *3 (Tex. App.CFort Worth Aug. 26, 2004,
pet. ref=d) (mem. op., not
designated for publication) (AAppellant also may not claim fundamental error to
excuse his failure to preserve alleged error in the State=s arguments to the jury.@), cert. denied,
546 U.S. 840 (2005).