AFFIRM; Opinion issued December 4, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01122-CR

CLINTON GRASSER, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F07-23944-Y

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion By Justice Bridges

Appellant Clinton Grasser appeals his conviction for aggravated sexual assault of a child under the age of 14 and accompanying sentence of 20 years' imprisonment. In two issues, appellant contends: (1) the evidence was insufficient to support the conviction and (2) he did not receive effective assistance of counsel. We affirm.

## Background

A.W. was 13 years old at the time of the alleged offense.[1] She testified she met appellant in a computer chat room, and that the person from the chat room was named "Clint." According to

---

[1] The judgment indicates A.W. was 13; however, A.W. and her mother testified A.W. was 12 at the time of the offense.

A.W., she told appellant she was 12 years old, and appellant told her that he was 16. In October 2006, she was talking to appellant on the phone when he told her to sneak out of the house. Sometime after midnight, A.W. met appellant at an elementary school in Garland. A.W. testified appellant asked her if she wanted to "make out" or suck his penis. A.W. testified she just wanted to talk. She said he withdrew his penis from his pants, took her hand, and made her "jack him off." She then took his penis voluntarily and began to suck it, while he told her, "you are good dear." She indicated some "pre-cum" had been released from his penis, and she wiped his seminal fluid on her pants.

They left the school separately. Appellant left in a black truck, and A.W. walked home alone. When she arrived at home around 3:00 a.m., her mother confronted her. According to A.W.'s mother, A.W. refused to tell her where she had been or what she had been doing out of the house.

On April 13, 2007, A.W. told her mother what had happened between her and appellant. A.W.'s mother called the police, and Detective Hale was assigned to the case. He went to A.W.'s house on April 13, 2007 to investigate. A.W. told Detective Hale what happened between her and appellant. She gave Detective Hale the phone number she had for the person she met at the school and a description of his truck. Detective Hale and another officer showed her a standard photo line-up. At first, A.W. did not identify anyone as the perpetrator of the sexual assault. Later, however, she called Detective Hale back and claimed she knew who he was. She identified appellant in the photo line-up and then again at trial as the perpetrator.

Along with the identification of appellant in the photo line-up, Detective Hale discovered the telephone number given to him by A.W. belonged to appellant's mother and A.W.'s description of the truck matched the vehicle registered to appellant. At trial, A.W. admitted she lied when she told her mother and Detective Hale that appellant had forced her to suck his penis. She said she lied,

because she was concerned appellant would not get in trouble if he had not forced her to suck his penis. While A.W. recalled she had discarded her clothes from that night, Detective Hale recalled he had been told her clothing had been washed.

The age of appellant was established to be 27 years old at the time of the crime. Detective Hale stated appellant called him at one point and claimed the only times he had ever been to Garland was when he was making deliveries in Garland as part of his duties as a courier. Once appellant was arrested, however, he gave Detective Hale a voluntary, written statement in which he admitted to meeting A.W., but claimed he did not touch her in any way. The State established the distance between appellant's home in Midlothian and the location of the school in Garland was approximately 50 miles.

The jury found appellant guilty of aggravated sexual assault, and the trial court sentenced appellant to 20 years' imprisonment.

## Analysis

In his first issue, appellant contends the evidence was insufficient to support his conviction. In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326 ("a court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution").

In order to obtain a conviction, the State was required to prove beyond a reasonable doubt that appellant intentionally or knowingly caused the penetration of the mouth of a child by the sexual organ of appellant and the victim was younger than 14 years of age. TEX. PENAL CODE ANN. § 22.021 (West 2012). A.W. testified appellant had her suck his penis, and she was younger than 14 at the time of the incident. She further identified appellant in a photo line-up and in court as the perpetrator of the assault. She indicated the person from the chat room identified himself as "Clint." Both the phone number and truck description A.W. gave Detective Hale linked appellant to the crime. The testimony of a child victim alone is sufficient to support a conviction. *See Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.–Dallas 2002, pet. ref'd).

In addition, Detective Hale testified appellant initially denied meeting A.W. in Garland, but then later changed his story to indicate he met A.W., but only to talk to her. The jury learned appellant drove approximately 50 miles to meet A.W. after midnight. The fact that appellant changed his story is evidence of his consciousness of his guilt. *See Couchman v. State*, 3 S.W.3d 155, 163-64 (Tex. App.–Fort Worth 1999, pet. ref'd); *Torres v. State*, 794 S.W.2d 596, 598-99 (Tex. App.–Austin 1990, no pet.).

As we have already noted, we are required to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326. Based on the record before us, we conclude the evidence was sufficient to convict appellant of aggravated sexual assault of a child less than 14 years of age. *See Brooks*, 323 S.W.3d at 894-95. We overrule appellant's first issue.

In his second issue, appellant complains he received ineffective assistance of counsel when his trial counsel: (1) failed to object to testimony that appellant was involved in the Ku Klux Klan and was a "grand dragon" of the Ku Klux Klan, and (2) was cumulatively ineffective, given the total

instances of failure to act on behalf of appellant. A claim of ineffective assistance of counsel is reviewed under the *Strickland* test. *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In determining whether counsel rendered ineffective assistance, an appellate court considers two factors: (1) whether counsel's performance fell below an objective standard of reasonableness and (2) whether, but for counsel's deficient performance, the result of the proceeding would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex Crim. App. 1999). Appellant bears the burden of proving his counsel was ineffective by a preponderance of the evidence. *Id.* at 813.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813. To defeat this presumption, appellant must prove that there was no plausible professional reason for a specific act or omission. *Bone*, 77 S.W.3d at 836. Any allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Thus, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective assistance claim on direct appeal because the record on direct appeal is not developed adequately to reflect the reasons for defense counsel's actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Here, we do not have an adequate record to review appellant's claim of ineffectiveness. *See id.*; *Thompson*, 9 S.W.3d at 813-15. Appellant must prove that there is no possible strategic reason for counsel's actions and trial counsel should be given the opportunity to explain his actions before being denounced as "ineffective." *Bone*, 77 S.W.3d at 836. The record before us is devoid of evidence from trial counsel himself and is "simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 814 (citing *Jackson v. State*, 973 S.W.2d 954, 957

(Tex. Crim. App. 1998)).

The record is silent as to why appellant's trial counsel: (1) failed to object to testimony that appellant was involved in the Ku Klux Klan and was a "grand dragon" of the Ku Klux Klan, and (2) was cumulatively ineffective, given the total instances of failure to act on behalf of appellant. Therefore, appellant has failed to rebut the presumption that counsel's decisions were reasonable, and we overrule appellant's second issue. *Bone*, 77 S.W.3d at 833; *Thompson*, 9 S.W.3d at 813-14.

Having overruled appellant's issues, we affirm the judgment of the trial court.

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111122F.U05

—6—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CLINTON GRASSER, Appellant

No. 05-11-01122-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F07-23944-Y).
Opinion delivered by Justice Bridges, Justices Francis and Lang.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 4, 2012.

DAVID L. BRIDGES
JUSTICE