**Opinion issued March 31, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

**NO. 01-24-0715-CR**

————————————————

**THOMAS JOSEPH RADFORD, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case 94639-CR**

---

**MEMORANDUM OPINION**

A jury convicted the appellant of sexual assault and assessed punishment at eleven years' confinement. The appellant raises one point of error challenging the sufficiency of the evidence to support his conviction. We affirm.

## Background

Roberta[1] was suicidal. She took all the Xanax she had but knew it was not enough to complete the task. She told the appellant to meet her at a friend's house with some additional Xanax so she could use it to kill herself.

When she arrived at the friend's house, the friend and the appellant were in the garage where they sometimes hung out. Roberta testified the appellant gave her the Xanax when she arrived. She took the pills, cried, and went unconscious.

Roberta testified that when she woke up her shorts were pulled down, she was positioned partially hanging off the edge of the chair, and the appellant was holding her legs up and having sex with her. She waited a few seconds before opening her eyes, and when she did the appellant stopped, "pulled his pants up . . . and acted like nothing happened." Roberta called her boyfriend to come beat up the appellant. After the boyfriend arrived and hit the appellant, Roberta called police.

---

[1] We will use a pseudonym for the complainant, as nothing would be gained by using her full name in this opinion. *See* TEX. CONST. art. I, § 30(a)(1) ("A crime victim has the … right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process."). Although there is nothing in the record requesting the use of a pseudonym, the fact that the Legislature allows victims to use pseudonyms in such cases shows that the use of a victim's real name is not always essential. TEX. CODE CRIM. PROC. art. 58.103 (allowing use of pseudonyms for victims of sexual assault).

**Sufficiency**

In a single point of error the appellant claims the evidence is insufficient to support his conviction. The appellant argues that because Roberta testified she was unconscious whenever the sexual encounter began, there is no evidence of lack of consent. He also argues there is no direct evidence that he was aware Roberta did not consent.

On sufficiency review we must view the evidence in the light most favorable to the verdict, determining only whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We may not reevaluate the weight and credibility of the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Brooks*, 323 S.W.3d at 899 (reviewing court may not sit as "thirteenth juror," disagree with the jury's "weighing of the evidence," or "disagree with a jury's resolution of conflicting evidence"). The jury is the sole judge of witness credibility and the weight to be given testimony. *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

To sustain a conviction for sexual assault as charged in this indictment, the evidence must show the appellant intentionally or knowingly caused his sexual organ to penetrate Roberta's without Roberta's consent. *See* TEX. PENAL CODE § 22.011(a)(1)(A). A sexual assault is without consent if "the other person has not

consented and the actor knows the other person is unconscious or physically unable to resist" or "the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring." *Id.* § 22.011(b)(3), (5).

The appellant argues the evidence is insufficient because Roberta could not testify about the start of the sexual encounter. This fails under this Court's precedent: "Evidence that the complainant was unconscious due to voluntary intoxication is sufficient to prove lack of consent." *Wilson v. State*, 473 S.W.3d 889, 897 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). If testimony from a victim about the start of a sexual encounter was required to sustain a sexual assault conviction, it would be impossible to sustain convictions where an unconscious victim was assaulted. Roberta testified she was unconscious from the Xanax the appellant gave her when the appellant began having sex with her, and she did not consent to sex with the appellant.

The appellant's second argument is that there is no evidence of his knowledge that the sexual intercourse was nonconsensual. But a defendant's state of mind may be inferred based on circumstances and conduct. *Gutierrez v. State*, 668 S.W.3d 46, 52 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (holding jury could infer defendant's knowledge that sex was nonconsensual from fact that sex began when complainant was asleep). Here, the appellant began having sex with Roberta while Roberta was unconscious thanks to the drugs the appellant gave her. Moreover,

4

Roberta's testimony that when she opened her eyes the appellant stopped, "pulled his pants up . . . and acted like nothing happened" shows the appellant's consciousness of guilt and knowledge that the sex was nonconsensual. *See Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.) (Onion, J.) ("A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt.") (quoting 2 Roy R. Ray, TEXAS PRACTICE: TEXAS LAW OF EVIDENCE § 1538, 3d ed. (1980)).

## Conclusion

The evidence is sufficient to allow a reasonable factfinder to conclude, beyond a reasonable doubt, the appellant knowingly had sex with Roberta without her consent. We overrule the appellant's point of error and affirm the trial court's judgment.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

Do Not Publish.