*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


 

# MEMORANDUM OPINION

No. 04-09-00349-CR

Roger **WILLIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A08-348
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  July 28, 2010

AFFIRMED

Appellant Roger Lee Willis was found guilty of delivering a controlled substance in a drug-free zone and sentenced to confinement of sixty-five years by a jury.  Willis raises two issues on appeal: (1) the trial court abused its discretion in failing to suppress evidence obtained through an unlawful interrogation in violation of his Sixth Amendment rights; and (2) the trial court abused its discretion in admitting his written plea bargain request to a law enforcement officer.  We affirm the judgment of the trial court.

**FACTUAL BACKGROUND**

Appellant Roger Lee Willis was indicted for the offense of delivering cocaine in a drug-free zone.  After his arrest, Willis was incarcerated in Kerr County Jail and, on August 14, 2008, was appointed counsel.  Although there is evidence in the record that Willis's attorney contacted him after his indictment, Willis alleges he "went months without communication from his attorney."  Although Willis argued that he did not know he had appointed counsel when he was subsequently interviewed by Officer Geski, Willis was no stranger to the Kerr County justice system having been arrested and appointed counsel "several times" before the incident at issue.

On September 8, 2008, at Willis's request, Kerr County Police Officer Eric Geski went to the jail to meet with Willis and tape the interview.  Officer Geski read Willis his *Miranda* warnings soon after the meeting started.  Thereafter, Willis explained that, due to a recent head injury from a motorcycle accident, he could not remember delivering the cocaine to an undercover informant.  Although Willis allegedly suffered from memory loss, he provided Officer Geski the name of the person from whom he would have gotten the drugs, "if he did it."  Additionally, Willis discussed with Officer Geski the potential benefits he could offer the police if he was used as a confidential informant.

At some point during his incarceration, Willis also wrote a letter to Kerr County Police Officer Bill Hill proposing a plea bargain agreement.  In his letter, Willis proclaimed his willingness to enter a plea of guilty to the charged offense if the State dropped the "drug-free zone" allegation and reduced his sentence to five years confinement.  Willis further proposed that his sentence run concurrent with his previously-imposed seven-year term for violating his felony probation.

Prior to trial, the court heard Willis' motion to suppress the videotaped statements made by Willis, while he was incarcerated, to Officer Geski. The trial court denied the motion, and Willis's case proceeded to trial before a jury. At trial, the State sought to admit Willis's videotaped statements to Officer Geski and the letter written to Officer Hill. Willis objected, asserting the statements were obtained in violation of his Sixth Amendment right to counsel[1] and he argued that the letter was obtained during the course of a "plea negotiation" and was therefore inadmissible. The trial court overruled Willis's objection to the videotaped statements and admission of the letter. The jury found Willis guilty of the charged offense. This appeal followed.

### MOTION TO SUPPRESS

In his first issue, Willis contends the trial court erred in failing to suppress the video-taped evidence obtained as a result of an allegedly unlawful interrogation conducted after Willis had appointed counsel to represent him in the case.

### A. Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress under a bifurcated standard of review. *See Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). "[T]he trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (internal citations omitted); *accord Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). As the Court of Criminal Appeals explained, "[t]his is so because it is the trial court that observes first hand the

---

[1] In connection with Willis's motion to suppress, the parties stipulated as follows: Willis requested counsel; counsel was appointed to represent Willis; and Willis's Sixth Amendment right to counsel attached prior to the time of the videotaped statements.

demeanor and appearance of a witness, as opposed to an appellate court which can only read an impersonal record." *Ross*, 32 S.W.3d at 855.

"In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes no explicit findings of fact, and neither party timely requests findings and conclusions from the trial court, we imply "the necessary fact findings that would support the trial court's ruling if the evidence (viewed in the light most favorable to the trial court's ruling) supports those implied fact findings." *Id.* at 819.

## B. Right to Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right "in all criminal prosecutions . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. Generally, an accused cannot waive his Sixth Amendment right in a police-initiated interrogation absent counsel. *Patterson v. Illinois*, 487 U.S. 285, 290–91 (1988). However, where an accused, who is represented by counsel, "voluntarily choos[es] to initiate conversation with the police in the absence of his counsel," the accused waives his Sixth Amendment protection.[2] *Flores v. State*, 49 S.W.3d 29, 33 (Tex. App.—San Antonio 2001, pet. ref'd); *see also Patterson*, 487 U.S. at 290–91.

The United States Supreme Court and the Texas Court of Criminal Appeals recognize a two-part test to determine if an accused has voluntarily waived his previously invoked right to counsel. *Cross v. State*, 144 S.W.3d 521, 526–27 (Tex. Crim. App. 2004); *see also Oregon v. Bradshaw*, 462 U.S. 1039, 1044–46 (1983). First, a court must determine whether the accused

---

[2] The State admits Willis's Sixth Amendment right to counsel attached before he gave his videotaped statements. *See Flores*, 49 S.W.3d at 33. We must, therefore, determine only whether Willis voluntarily waived his Sixth Amendment right before making his statement. *See id.*

initiated communication with police. *Cross*, 144 S.W.3d at 526–27; *see also Kirk v. State*, 199 S.W.2d 467, 476–77 (Tex. App.—Fort Worth 2006, pet. ref'd) (extending *Cross'* Fifth Amendment analysis to the context of Sixth Amendment). Second, the court must determine whether the accused, after reinitiating contact, validly waived his right to counsel. *Cross*, 144 S.W.3d at 526–27; *Kirk*, 199 S.W.2d at 476–77.

## C. Analysis

Although Willis concedes that he reinitiated communication with the police, he argues he did so out of "desperation" and, thus, his waiver was not voluntary. *See Holloway v. State*, 780 S.W.2d 787, 796 (Tex. Crim. App. 1989) (precluding only police-initiated interrogation). "[T]he Sixth Amendment does not prevent an accused who is represented by counsel from voluntarily choosing to initiate conversation with the police in the absence of his counsel." *Flores*, 49 S.W.3d at 33. Because Willis initiated contact with the police, we need only determine whether Willis validly waived his right to counsel.

The record is undisputed that it was Willis who requested to speak with police even though he had appointed counsel. The record further shows that prior to his statement, officers read Willis the *Miranda* warnings, which he expressly acknowledged and agreed to waive. "[W]hen an accused is read his *Miranda* rights, which include the right to have counsel present during interrogation, and he agrees to waive those rights, that typically is sufficient to validly waive the Sixth Amendment right to have counsel present during interrogation." *See Hughen v. State*, 297 S.W.3d 330, 335 (Tex. Crim. App. 2009) (citations omitted). Moreover, the record indicates Willis was arrested for the same offense and had undergone the same process "several" times in the past. *See Janecka v. State*, 739 S.W.2d 813, 829–30 (Tex. Crim. App. 1987) (holding, based upon prior arrests and incarcerations, the accused was familiar with his Sixth

Amendment rights, and specifically waived his right to counsel); *State v. Hernandez*, 842 S.W.2d 306, 318 (Tex. App.—San Antonio 1992, writ ref'd) (noting the fact that the accused was "no stranger to the jail" and was read his *Miranda* rights are considerations supporting the voluntariness of an accused's statements). Given these factors, we cannot say the trial court abused its discretion in determining Willis voluntarily waived his Sixth Amendment right to counsel, and thus in denying Willis's motion to suppress his videotaped statements to police. Accordingly, Willis's first issue is overruled.

ADMISSION OF THE LETTER

In his second issue, Willis contends the trial court abused its discretion in admitting his letter to Officer Hill concerning his "plea agreement." Specifically, Willis argues that his letter to Investigator Hill was inadmissible (1) under Rule of Evidence 410 which precludes the admission of plea negotiations; and (2) under Rule of Evidence 403 because the probative value of the letter was outweighed by the danger of unfair prejudice.

## A. Standard of Review

An appellate court reviews a trial court's admission of evidence for an abuse of discretion. *Erdman v. State*, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993); *Araiza v. State*, 929 S.W.2d 552, 554 (Tex. App.—San Antonio 1996, pet. ref'd). A trial court abuses its discretion when it acts without reference to guiding rules or principles, or acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We will uphold the trial court's ruling if it falls within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

**B. Texas Rule of Evidence 410**

In his letter to Officer Hill, Willis professes his willingness to accept a five year sentence in exchange for greater leniency from the State. Specifically, he wrote:

(1)   I am not expecting to completely get out of my position for co-operating with you. I only ask that you help me get a plea bargain that will make it possible for me to be out in a year or two!; and

(2)   I also plan on keeping my word to the 216th [District] Court for leaving the State once this is over. I will not be here to cause anymore problems for anyone. I can give you 5 people who sell and manufacture [cocaine] here in Kerr County . . . [i]n return [for a lesser sentence].

When presenting this evidence at trial, the prosecution asserted the statement amounted to a confession and was "very relevant to whether or not [Willis was] claiming to be innocent," since "[m]ost innocent people aren't willing to go to prison for five years."

Texas Rule of Evidence 410 provides that evidence of any statement made in the course of plea discussions with an attorney for the prosecuting authority is not admissible against the defendant. TEX. R. EVID. 410. Plea bargaining necessarily involves a *quid pro quo*—the accused bargains to obtain a concession from the State, and the State subsequently agrees to make a concession to obtain the accused's plea. *See Wayne v. State*, 756 S.W.2d 724, 731 (Tex. Crim. App. 1988). However, in *Monreal v. State*, 947 S.W.2d 559, 565 (Tex. Crim. App. 1997), the Court of Criminal Appeals held that only the prosecuting attorney has the authority to negotiate a plea bargain. Thus, under *Monreal*, "purported plea offers *or other statements to anyone other than an attorney for the prosecution . . . are not covered by Rule 410,* regardless of what the defendant believed when he made the statement in question." *Id.* (emphasis in original).

Willis relies on two capital punishment cases in which the trial court denied the admission of plea negotiations: *Smith v. State*, 898 S.W.2d 838, 843–44 (Tex. Crim. App. 1995) and *Prystash v. State*, 3 S.W.3d 522, 527–28 (Tex. Crim. App. 1999). Both cases are

distinguishable. Most notably, in both cases the State objected to the ***defendant's*** attempt to introduce evidence of the State's offer of life imprisonment to show the State did not believe the defendant was a future danger to society. Rule 410 precludes the admission of plea negotiations "against the defendant". TEX. R. EVID. 410. In *Smith* and *Prystash* the defendant was advocating for the admission of the negotiations and the issue was whether the evidence was relevant under Rule of Evidence 401. These cases are simply inapt.

## C. Texas Rule of Evidence 403

Alternatively, Willis argues that even if the admission of his letter is not precluded by Rule 410, its minimal probative value was substantially outweighed by the risk of unfair prejudice and the potential to mislead the jury, and was therefore inadmissible under Rule 403. *See* TEX. R. EVID. 403. Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Id*. The presumption is that relevant evidence is more probative than prejudicial. Thus, a trial court may exclude relevant evidence only if its prejudicial impact and its potential to confuse the jury substantially outweigh its probative value. *Id.*; *Hangrove v. State*, 211 S.W.3d 379, 386 (Tex. App.—San Antonio 2006, pet. ref'd) ("Rule 403 does not exclude all prejudicial evidence, only that which is 'unfairly' prejudicial."). Evidence is unfairly prejudicial under Rule 403 when it has a "tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *State v. Melcher*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). When balancing the probative value of a piece of evidence against its prejudicial effect, the trial court considers the following factors:

(1)   how probative the evidence is;

(2)   whether the evidence has the potential to sway the jury "in some irrational, but nevertheless indelible way;"

(3)   how much time the proponent needs to develop the evidence, "during which the jury will be distracted from consideration of the indicted offense;" and

(4)   whether the proponent needs the evidence to prove a fact of consequence.

*Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (citing *Montgomery*, 810 S.W.2d at 389–90).

It is a well-accepted principle that evidence of an accused's post-commission conduct is admissible where the conduct "indicates a 'consciousness of guilt' [and] may be received as a circumstance tending to prove that he committed the act with which he is charged." *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.) (citation omitted); *see also Bolton v. State*, No. 04-07-00833-CR, 2008 WL 4958453, at *5 (Tex. App.—San Antonio Nov. 19, 2008, no pet.) (mem. op.). A trier of fact could reasonably consider the content of Willis's voluntary communication as an admission of the crime charged. *See* TEX. R. EVID. 801(e)(2); *Hughes v. State*, 4 S.W.3d 1, 6 (Tex. Crim. App. 1999) ("A statement qualifies as an admission by a party opponent if it is offered against a party and it is the party's own statement."). Willis's letter alludes to previous charges and past interactions as a confidential informant; yet, it does not "impress the jury in some irrational but nevertheless indelible way." *Montgomery*, 810 S.W.2d at 390. Accordingly, Willis's letter is probative of whether Willis committed the charged offense. *See Torres*, 794 S.W.2d at 598.

Moreover, during the short course of the proceedings to admit the letter, the jury's attention was not diverted from the charged offense. *See Melcher*, 153 S.W.3d at 440–41. Given the brevity and clarity of Willis's letter, and the fact that it directly related to the charged offense, the amount of time required to develop the letter was negligible. *See Gigliobianco v. State*, 210 S.W.3d 637, 642–43 (Tex. Crim. App. 2006) (recognizing that when the evidence

directly related to the charged offense, the amount of time spent by the State in developing the evidence was inconsequential because it could not have distracted the jury from the charged offense).

Finally, Willis's letter was important to the prosecution's case and had a significant tendency to make a fact of consequence—his guilt—more probable. *See Mechler*, 153 S.W.3d at 441–42. Consequently, the trial court did not abuse its discretion in admitting the letter into evidence and Willis's second issue on appeal is overruled.

## CONCLUSION

Because Willis's statements to Officer Geski were voluntarily initiated by Willis, and Willis expressly agreed to waive his *Miranda* rights, we cannot conclude that the trial court abused its discretion in denying Willis's motion to suppress the statements. Additionally, although Willis characterizes his letter to Officer Hill as a plea agreement, it was neither addressed to nor intended to be delivered to the "attorney for the prosecution." *See Monreal*, 947 S.W.2d at 565. Moreover, the letter was relevant under Rule 401, and its probative value was not substantially outweighed by the risk of unfair prejudice as prescribed in Rule 403. As such, the trial court did not err in admitting the letter. Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH