In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00169-CR
_____

DANIEL FRANK LONGORIA JR., Appellant

V.

THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-05-05213-CR**

_____

**MEMORANDUM OPINION**

Appellant Daniel Frank Longoria Jr. (Longoria)[1] was convicted for the

murder of Raymundo Zarate Jr. (Zarate). On appeal, Longoria raises two issues,

both pertaining to the trial court's admission of certain GPS evidence from an

ankle monitor that he was wearing at the time of the murder. He contends that the

trial court erred because the evidence was inadmissible under Rules 403 and

404(b) of the Texas Rules of Evidence.

---

[1]The indictment states "Daniel Frank Longoria, Jr. AKA Daniel Longoria[.]"

1

We overrule both issues and affirm the judgment.

BACKGROUND FACTS

On or about the evening of May 13, 2012, Zarate was shot and killed in the front yard of his home. Earlier that day, Zarate was at a local park with his family when he and another man (later identified as Longoria) got into an argument. The argument developed after Zarate suggested that Longoria should leave the basketball court area in the park. Zarate's son testified that Zarate did not want Longoria near Zarate's family because Longoria was cursing and appeared to be drunk. Later that evening, Longoria and his girlfriend, his girlfriend's daughter, and Longoria's son drove to Zarate's residence to continue the argument. Zarate was shot and killed at his residence.

On the day of the shooting, Longoria was wearing a GPS tracking device placed on him as a requirement of his bond under a different offense out of Fort Bend County, Texas. After the shooting, Longoria fled the scene. He removed the GPS tracking device within two hours of the murder of Zarate. Over a month after the shooting, the police located Longoria and arrested him for the murder of Zarate.

During the murder trial, the prosecution sought to introduce evidence from the GPS device (including the GPS coordinates and mapping, as well as a video relating to the GPS) to establish that Longoria was at the park, that he was in

Zarate's neighborhood after the incident at the park, that he was at the scene at the time of the shooting, and that he fled from the scene and disconnected his GPS. Longoria challenged the GPS evidence. Outside the presence of the jury, the trial court held a hearing specifically relating to the GPS evidence, and Longoria voiced the following objections:

> [Defense Counsel]: And, Judge, I just have two objections for the record. The first being that any mention of global positioning system at all in the inference will immediately be from the jury that something bad has happened, he has another offense, somebody in the government is watching him for a reason. That is our first objection.
>    The second objection is any of the documents he brought with him are not business records.
>    . . . .
>    So my first objection is any mention of GPS obviously would have the effect of the government is watching him, there has got to be a reason and it has got to be bad. And, two, to admit these documents as business records, as far as to admit items that are prepared purposely and surely for litigation, and not in the regular course of business.

The trial court overruled the objections and it allowed the admission of evidence from the GPS tracking device, but it did not allow into evidence any testimony or evidence regarding the reason for Longoria's having to wear the device.

ISSUES ON APPEAL

On appeal, Longoria makes no complaint about whether the documents were business records. Rather, Longoria argues that the trial court erred in overruling his objections to the GPS evidence pursuant to Rule 404(b) and Rule 403. *See* Tex. R.

3

Evid. 404(b), 403. Specifically, he contends on appeal that the GPS evidence was inadmissible evidence of other crimes, wrongs, or acts. Further he contends it was more prejudicial than probative and that it was "cumulative evidence." The State contends Longoria failed to preserve an objection under either Rule 404(b) or Rule 403. *See* Tex. R. App. P. 33.1(a).

To preserve error for appellate review, a party's objection generally must be sufficiently specific so as to "'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Malone v. State*, 405 S.W.3d 917, 925 (Tex. App.—Beaumont 2013, pet. ref'd) (quoting *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009)). In order to raise a Rule 403 complaint, the objecting party must make a 403 objection separate from its Rule 404(b) objection. *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g).

After reviewing the record, we conclude that Longoria preserved a Rule 404(b) objection at trial when he challenged the admission of the evidence on the grounds that the GPS evidence (a) referred to another offense he allegedly committed and (b) implied he was being watched for other reasons or because he was bad.

4

As to the Rule 403 objection, the State specifically acknowledged during the hearing on the admissibility of the GPS evidence that the defendant was objecting to the "prejudicial nature" of the GPS evidence, and the trial court expressly found that the probative value of the evidence "outweighs the prejudicial effect, as long as you limit it to the fact that he had this monitor and here is the data." Accordingly, an objection regarding the "prejudicial nature" of the GPS under Rule 403 was before the trial court. Longoria, however, failed to articulate any objection that the evidence was "a needless presentation of cumulative evidence[,]" and there is no indication in the record that the trial court made a "cumulative evidence" ruling. Therefore, we conclude that Longoria failed to preserve the "cumulative evidence" argument for appeal. *See* Tex. R. App. P. 33.1

## STANDARD OF REVIEW

We review a trial court's decision to admit evidence under Rules 404(b) and 403 for an abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Id.* (quoting *Montgomery*, 810 S.W.2d at 391). If the trial court's decision is correct on any theory of law applicable to the case, we will uphold the decision. *De La Paz,* 279 S.W.3d at 344.

5

<u>RULE 404(b)</u>

On appeal, Longoria argues that the GPS evidence constitutes "character evidence" or evidence of an "extraneous act" and that it was inadmissible under Rule 404(b). Longoria contends that the "only true purpose" of the GPS evidence was "to show the jury that [he] has committed, or is alleged to have committed, a crime in another county, thereby prejudicing the jury[.]"

Rule 404(b) expressly provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the defendant in order to show he acted in conformity therewith. Rule 404(b) codifies the common law principle that a defendant should be tried only for the offense for which he is charged and not for being a criminal generally. *Rogers v. State,* 853 S.W.2d 29, 32 n.3 (Tex. Crim. App. 1993); *see also Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008) (explaining that the defendant is generally to be tried only for the offense charged, not for any other crimes).

Extraneous offense evidence, however, may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b). The list of examples in Rule 404(b) is nonexhaustive. *See Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). For example, extraneous offense evidence may be admissible to demonstrate conduct by a defendant that indicates a consciousness

6

of guilt. *See Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.); *see also Urtado v. State*, 605 S.W.2d 907, 915 (Tex. Crim. App. 1980) ("Flight is evidence of guilt."). This consciousness-of-guilt evidence may include evidence of a person's conduct (such as "flight" or destruction of evidence) that occurs subsequent to the commission of a crime. *See Torres*, 794 S.W.2d at 598-600. Such evidence is relevant to prove that the person committed the act with which he is charged. *Id*. An extraneous offense may also be admissible to show identity when identity is at issue in the case, or when the defense cross examines witnesses or alleges that someone else committed the crime. *See Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006); *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). The trial court's Rule 404(b) ruling admitting evidence is generally within the zone of reasonable disagreement "if there is evidence supporting that an extraneous transaction is relevant to a material, non-propensity issue." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Texas courts utilize a two-step analysis for determining the admissibility of extraneous offenses or uncharged acts. *Rogers*, 853 S.W.2d at 32-33. Courts determine first whether the evidence is relevant to a material issue in the case and

second whether the relevant evidence should be admitted as an exception to Rule 404(b). *Id*. The GPS evidence is relevant to material issues in the case, such as the perpetrator's identity, his flight, and his consciousness of guilt, because this evidence establishes Longoria's movements (both before and after the murder), as well as the timing of his removal of the GPS device. Accordingly, the trial court did not commit error in allowing the GPS evidence into the record because it was admissible for purposes other than character conformity under Rule 404(b). We overrule issue one.

## RULE 403

Longoria also argues the GPS evidence was inadmissible under Rule 403. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. The Rule 403 balancing factors include, but are not limited to, the following: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). The rules of evidence favor the admission of relevant evidence and carry a

presumption that relevant evidence is more probative than prejudicial. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996).

We conclude that the trial court did not err in its balancing of the Rule 403 factors and in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under Rule 403. The State articulated a need for the evidence and the GPS evidence occurred close in time to the charged offense. The probative value of the GPS evidence (showing Longoria's movements and actions immediately before, during, and after the commission of the crime) was significant, because this evidence was relevant to establishing the identity element of the crime. In establishing Longoria's flight after the murder, the GPS evidence demonstrated his consciousness of guilt, and tended to rebut the defendant's misidentification theory of defense developed by the defendant during the cross-examination of one of the State's witnesses and during the defendant's closing argument. Although the State spent some time during the trial on the presentation of the GPS evidence, the amount of time was not unreasonable in light of other evidence presented during the trial as a whole. Furthermore, due to the nature of the technical details and technology involved, it was not the type of information that might otherwise cause an inflammatory response. We conclude the trial court did not abuse its discretion in admitting the GPS evidence in this case. It was within the zone of reasonable disagreement for the trial court to find

that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Therefore, we overrule issue two.

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 24, 2014
Opinion Delivered June 25, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.