

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00208-CR

JESSE JAMES WOODS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 426th District Court
Bell County, Texas
Trial Court No. 79198, Honorable Steven J. Duskie, Presiding

August 1, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Jesse James Woods appeals his convictions on three counts of sexual assault. The victim was his fourteen-year-old female neighbor. Two issues pend for review. One concerns the admission of a video clip of an interview wherein he alludes to preferring adult males as sex partners and his having eschewed sexual intercourse with females for

many years. The other involves the forensic investigator testifying about "grooming." We affirm.[1]

### Background

In February 2017, appellant, his girlfriend, and his six-year-old nephew moved in next door to the victim and her family. Thereafter, the teenager visited and babysat her six-year-old neighbor. Eventually, appellant took the victim to a local carnival, after which he attempted to engage in sexual intercourse with her. Though unsuccessful at that time, the two engaged in sex later. The youth subsequently informed an assistant principal at her school of the activity and identified appellant as her assailant. A police investigation ensued.

At least two interviews between the police and appellant occurred. One happened in November 2017 and the other in May 2018. During the May event, appellant explained that he largely preferred sexual intercourse with adult men and had not had intercourse with a female in the seven or eight years preceding the interview. This circumstance was not mentioned in the earlier November interview, however. He also claimed that the victim had never seen his bedroom, despite her having described the contents of it.

A jury eventually found him guilty of the three counts of sexual assault alluded to earlier. Judgments were entered accordingly, and appellant appealed.

### Issue 1—Admission of Interview Exchanges

Over appellant's objections on grounds of relevance and Rule 403, the trial court admitted those portions of interviews mentioned above which alluded to his sexual

---

[1] Because this appeal was transferred from the Third Court of Appeals, we apply its precedent should it conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

preference and abstinence from engaging in sex with females. So admitting them was erroneous, according to appellant. We overrule the issue.

The State sought their admission not to attack appellant's sexual preferences but rather to demonstrate that appellant was attempting to deceive the police. That he lived with his girlfriend, a woman, can be viewed as contradicting the suggestion that he preferred sex with men, or so went its argument.

Lying to the police reveals a consciousness of guilt and, as such, is circumstantial evidence of guilt. *Farek v. State*, No. 01-18-00385-CR, 2019 Tex. App. LEXIS 5274, at *12 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. ref'd) (mem. op., not designated for publication). The same may be said of uttering an unbelievable story that is highly contrary to the surrounding circumstances. *Gragg v. State*, 214 S.W.2d 292, 295 (Tex. Crim. App. 1948) (stating that "[t]he fact that [appellant] gave the story about the letters so unbelievable and so contrary to the circumstances surrounding the parties may be regarded as an expression of consciousness of guilt"). We also note that evidence depicting a consciousness of guilt is "perhaps one of the strongest kinds of evidence of guilt." *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.); *accord Sanderson v. State*, No. 07-22-00116-CR, 2023 Tex. App. LEXIS 2028, at *10 (Tex. App.—Amarillo Mar. 29, 2023, no pet.) (mem. op., not designated for publication) (same). Thus, evidence of lying, or consciousness of guilt, is relevant to the issue of guilt. And, a trial court may reasonably interpret appellant's statements about preferring men and eschewing women as effort at deception given that he lived with his female "girlfriend." These circumstances lead us to conclude that the trial court's decision to reject appellant's relevance objection fell within the zone of reasonable disagreement. *See*

3

*Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011) (stating that we review the trial court's admission of evidence for an abuse of discretion and will not reverse the decision if it lies within the zone reasonable disagreement).

As for its admissibility when confronted with a Rule 403 challenge, we begin by stating the rule. It allows the trial court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." TEX. R. EVID. 403. Conducting such an analysis entails the balancing of various indicia. They include the following: 1) the tendency, if any, of the evidence to suggest a decision on an improper basis; 2) the tendency, if any, of the evidence to confuse or distract the jury from the main issues; 3) the tendency, if any, of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and 4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Garza v. State*, No. 03-22-00073-CR, 2023 Tex. App. LEXIS 4702, at *29 (Tex. App.—Austin June 30, 2023, no pet. h.) (mem. op., not designated for publication); *see Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Yet, we caution that, because Rule 403 permits exclusion of relevant evidence, it is used "very sparingly"; this is especially so in sexual assault cases where the credibility of the defendant and victim are "the central, dispositive issue." *Johnson v. State*, 490 S.W.3d 895, 911 (Tex. Crim. App. 2016).

In balancing the foregoing indicia, we reiterate the highly probative nature of evidence depicting a consciousness of guilt. To that we add that the State's need for such evidence in this type of prosecution. Though the State offered physical evidence of damage to the victim's hymen, its own witness testified that the injury could have been

caused by means other than sexual assault. Furthermore, only two people actually saw the assaults, those being appellant and the victim. This tended to place the scenario within the framework of "he said, she said." That the victim also suffered from intellectual and mental disabilities could be seen as somewhat heightening the need for other evidence indicative of guilt. To the extent appellant insinuates that the evidence presented a risk that jurors could view him as a homosexual, we do not disagree. Yet, it is mere speculation to say that viewing him as such would sway them to convict for that reason. We opt to afford modern-day juries more credibility than that. And, again, that was not the purpose for presenting the evidence, as noted during the State's closing argument. Instead, it described the evidence as another instance of appellant's trying to "distance" himself from the crime, that is, as evidence of his recognizing his guilt and trying to minimize it. Moreover, it did not take an inordinate amount of time to develop and present the evidence. Given these indicia, we again cannot say that the trial court's decision that the probative value of the evidence was not "substantially outweighed" by its potential for prejudice fell outside the zone of reasonable disagreement.

### Issue 2—Expert Testimony on Grooming

In his second issue, appellant challenges the admission of testimony on the subject of "grooming" proffered through Belinda Winn. Allegedly, she was unqualified to so testify as an expert. In discussing the issue, appellant mentions authority illustrating when a witness can be deemed an expert on a particular topic. So too does he allude to her qualifications and testimony. Missing, though, is substantive analysis illustrating why the witness was unqualified to testify about "grooming" children. Indeed, her extensive qualifications and experience in the field of forensic interviews, her educational degree in

5

clinical and mental health counseling, and multiple years working at the Children's Advocacy Center increased the need for such analysis. Developing it, though, falls outside our bailiwick; we have no duty to do so. *Owings v. Kelly*, No. 07-20-00115-CV, 2020 Tex. App. LEXIS 8805, at *5–6 (Tex. App.—Amarillo Nov. 10, 2020, no pet.) (mem. op.). Simply put, conclusory allegations, like those here, are inadequate to preserve an issue for review. *See Sierra Assoc. Group, Inc. v. Hardeman*, No. 03-08-00324-CV, 2009 Tex. App. LEXIS 1181, at *29–30 (Tex. App.—Austin Feb. 20, 2009, no pet.) (mem. op.). So, having failed to provide us with substantive analysis, appellant waived the issue. *See Approximately $23,606.00 United States Currency v. State*, No. 07-19-00297-CV, 2020 Tex. App. LEXIS 2602, at *8 (Tex. App.—Amarillo Mar. 27, 2020, no pet.) (mem. op.) (stating that an appellant's failure to cite legal authority *or* provide substantive analysis in support of the issue constitutes inadequate briefing and waives the complaint).

That appellant failed to object each time the witness discussed grooming also resulted in the loss of his complaint. Such was required, *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (stating that, to preserve error concerning the admission of evidence, a party must object each time the evidence is offered), unless he obtained a running objection or raised the matter outside a jury's earshot. *Ethington v. State*, 819 S.W.2d 854, 858–60 (Tex. Crim. App. 1991) (en banc). He did neither, despite the witness continuing to answer further questions on the matter. We overrule appellant's second issue.

### *Clerical Errors*

In its brief, the State notes a number of clerical errors in the trial court's written judgments. We find the State's position well-taken and have the authority to reform a

judgment to make the record speak the truth. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). Pursuant to our review of the record, the written judgments are modified to accurately reflect the following information: 1) the relevant statute for the offense in Count 1's judgment is § 22.011(a)(2)(C) of the Texas Penal Code; 2) the relevant statute for the convicted offenses as to Counts 2 and 3 is § 22.011(a)(2)(A) of the same code; 3) appellant pleaded "not true" to the enhancement allegations; 4) the jury found the enhancement allegations true; and 5) each conviction was a second-degree felony.

We overrule appellant's two issues and affirm the trial court's judgments as modified.


Brian Quinn
Chief Justice


Do not publish.